Rinehart v. Long.

RINEHART *et al.* v. LONG *et al.*, *Appellants.*

1. **Equity Practice**: PETITION: MULTIFARIOUSNESS: FRAUDULENT CONVEYANCE. A petition in equity will not be multifarious where the plaintiff bases his claim for relief on one general right. Hence, where a debtor conveys land in fraud of creditors and the title has passed by different deeds to different persons, they may be joined as defendants in an action to set aside the deeds, as they all have a common interest in respect of the fraud.

2. ———— : ———— : ———— : NON-REVERSIBLE ERROR. The bill in such case should be framed in one count as one cause of action, but the judgment will not be reversed for the reason that the alleged fraudulent transfers are stated in different counts with a prayer of relief for each, it appearing that the trial court treated the bill as one cause of action, tried the case, and rendered its decree on that theory.

3. **Pleading**: SUFFICIENCY OF ALLEGATIONS. Where the petition states that, at the date of the deeds charged to be fraudulent, the defendant was wholly insolvent; that he owed about fourteen thousand dollars, and that his property was wholly inadequate to satisfy his indebtedness, it sufficiently alleges that the defendant had no other property out of which the debts could be made.

4. **Sheriff's Sale**: INADEQUACY OF CONSIDERATION. Inadequacy of consideration is no defence to a title obtained by a plaintiff at a sheriff's sale, where this result was due to the efforts of the defendants to place their property beyond the reach of creditors.

5. ———— : POSITION OF PURCHASER. A purchaser at an execution sale who seeks to set aside a conveyance made by a judgment debtor occupies the same position and has all the advantages of a judgment creditor.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*O. D. Jones* for appellants.

(1) Defendants' motion to require plaintiff to elect on which count he would offer evidence on the trial

Rinehart v. Long.

should have been sustained. If plaintiff have any he has one complete cause of action. It consists in the fraud in deeding lands to his wife, no matter when, if since the date of his debts, or who were the grantors in the deeds, or how many. *Laine v. Francis*, 14 Mo. App. 107; *Union Co. v. Traube*, 59 Mo. 355; *Wagner v. Jacoby*, 26 Mo. 532; *Corby v. Taylor*, 35 Mo. 447. (2) The petition does not state facts sufficient to constitute any cause of action or show any equity in plaintiff to entitle him to the relief asked; does not state that he has no adequate remedy at law and "defendant has no other property out of which plaintiff's debt can be made." *Page v. Dixon*, 59 Mo. 43; *Merry v. Freemon*, 44 Mo. 518, 521; *Alnut v. Leeper*, 48 Mo. 319, 321. (3) Mere inadequacy of price is no ground for setting aside a sale unless it is so great that it shocks the moral senses. *Holden v. Vaughn*, 64 Mo. 587; *Stofel v. Schrader*, 62 Mo. 142; *Bouldin v. Ewart*, 63 Mo. 330. (4) There is no evidence of any actual fraud on the part of defendant Sarah; absolutely nothing, only she accepted the deeds, recorded and claimed under them. Plaintiff took his conveyance knowing of her deed. The doctrine of *Bonney v. Taylor*, 90 Mo. 63, governs the case. (5) The finding at the close of all the evidence should have been for defendants and the decree in their favor. It appears plaintiff does not come with clean hands, nor offer or seek to do equity. *Southworth v. Hopkins*, 11 Mo. 331; *Fresh v. Million*, 9 Mo. 315; *Rutherford v. Williams*, 42 Mo. 18; *Corby v. Bear*, 44 Mo. 379; *Wheelan v. Reilley*, 61 Mo. 565; *Klein v. Vogel*, 90 Mo. 239.

*W. C. Hollister* and *E. E. Chesney* for respondents.

(1) The bill is not multifarious. Story's Eq. Plead., secs. 531, 532, 533; *Tucker v. Tucker*, 29 Mo. 354; *Bobb v. Bobb*, 76 Mo. 419; *Duvall v. Tinsley*, 54 Mo. 93; *Donovan v. Dunning*, 69 Mo. 436. There is only one

cause of action stated in the petition and the court committed no error in treating the petition as having only one count. *Currell v. Halpin*, 15 Mo. App. 587; *Adams v. Harper*, 20 Mo. App. 684. (2) The petition sufficiently alleged that Joseph Long had no other property to meet his debts. Wait on Creditor's Bills, sec. 146. (3) This case does not fall within the ruling of *Bonney v. Taylor*, 90 Mo. 63. (4) "A purchaser at execution sale takes the creditor's rights to avoid all fraudulent conveyances and incumbrances and may file a bill in equity for that purpose." This is completely sustained by the authorities cited. *Gould v. Steinberg*, 84 Ill. 70; *Hoxie v. Price*, 31 Wis. 82; *Avery v. Judd*, 21 Wis. 262; *Wood v. Chapin*, 13 N. Y. 509; *Remington Co. v. O'Dougherty*, 81 N. Y. 487. (5) The voluntary conveyance of a debtor when it interferes with the security of existing creditors, is presumptively fraudulent in fact. *Edwards v. Entwisle*, 2 McKay [D. C.] 43; *Goodman v. Wineland*, 61 Ind. 449; *Toney v. McGehe*, 38 Ark. 419; Bump on Fraud. Con. 277; 5 Watts, 404. "The party who set up a voluntary conveyance in opposition to the claims of preëxisting creditors is required to show that the means of the donor independent of the property conveyed were abundantly ample to satisfy his creditors." Bump on Fraud. Con. 279; *Jones v. Taylor*, 2 Atk. 609. "This proof must show not merely a sufficiency of other property to pay the demands of the creditor who assails the transfer, but a sufficiency to pay all the debts then owing by the grantor." Bump on Fraud. Conv. 279; 5 G. and J. 432; "To rebut the presumption of fraud, the proof must be clear, full, and satisfactory. If there is a reasonable doubt of the adequacy of the grantor's means, then the voluntary conveyance must fail, for the effect is to delay and hinder the creditors." Bump on Fraud. Conv. 280; 6 Md. 172; 3 Md. Ch. 99; 11 Md. 199; 19 Md. 22; 8 Cow. 406; 1 Bailey Ch. 138; 1 Bailey, 575; 8 Cal. 118; 57 Mo. 118.

BLACK, J.—The defendant, Joseph Long, purchased three tracts of land, one from Greenwood, in August, 1881, one from Mackey, on August 12, 1882, and the other from Brown, on the thirty-first of August, 1882. Deeds of the lands were made to Sarah F. Long, wife of Joseph Long, conveying to her in all two hundred and eighty acres, in Adair county. In December, 1883, the plaintiff recovered two judgments against Joseph Long, one in his own right for $956.73, based on a note made in 1877, the other as administrator of Abraham Rinehart, for $1,325.79, based upon a note made in the same year. Both notes were given by Long for borrowed money. Plaintiff purchased the lands described in the several deeds, at a sale made under executions, issued upon his judgments. He then commenced this suit to set aside the deeds to Mrs. Long, and vest the title in him, on the ground that they were made in fraud of the creditors of Joseph Long.

1. The petition, in form, sets out three causes of action, with a prayer for relief to each. The only difference in these counts or causes of action is, that one sets out the Greenwood deed, another the Mackey deed, and the third, the Brown deed. A petition in equity will not be multifarious where the plaintiff bases his claim for relief on one general right. Hence, where a debtor conveys land in fraud of creditors, and the title has passed by different deeds to different persons, they may all be joined in one suit; for they all have a common interest in respect of the fraud. Bliss on Code Plead. [2 Ed.] sec. 110a; *Tucker v. Tucker*, 29 Mo. 350; *Donovan v. Dunning*, 69 Mo. 436; *Bobb v. Bobb*, 76 Mo. 419. All that is stated in the present petition should have been set out in one cause of action. But it seems the court treated the whole petition as one cause of action, tried the case, and rendered a decree on that theory. We, therefore, conclude there is no

reversible error in overruling the defendants' motion to elect, and their objection to the introduction of any evidence. Conceding that the defendants could raise the objection to the petition in either of these ways, which we do not assert, still the court tried the case as it should have been tried, and we do not see how the defendants could be prejudiced by the unskillful petition.

2. Another objection to the petition is, that it does not state facts sufficient to constitute a cause of action in this, that it does not show that defendants had no other property out of which the debts could be made. The petition states that, at the date of the respective deeds to Mrs. Long, the defendant, Joseph Long, was wholly insolvent, that he owed about fourteen thousand dollars, and that his property was wholly inadequate to satisfy his indebtedness. This allegation is sufficient ; and especially so in view of the proof, which shows that Mr. Long was then, and at all times since has been, insolvent.

3. So far as the merits of this case are concerned, but little need be said. The proof shows beyond all doubt, that the land in suit was purchased by James Long, and that he paid thereon some forty-four hundred dollars from money which he received from his father's estate. He had the land conveyed to his wife, who paid no part of the purchase money. He was then insolvent and is still insolvent. Some two thousand dollars of the purchase money was unpaid at the date of the sheriff's sale, and subject to which the plaintiff purchased the property. It is not necessary to cite authorities to show that these deeds to Mrs. Long cannot stand as against then existing creditors. The evidence does show that James Long owned a valuable farm in Knox county ; but he incumbered that with two deeds of trust, one in 1875 for four thousand dollars, and the other in 1877 for two thousand dollars, and the land has been sold thereunder,

and at the date of this trial was in the possession of the purchaser by virtue of a judgment in an ejectment suit. The defendants claim that the sale is invalid; but the land is of no avail for the satisfaction of the debts of the general creditors.

4. The defendants complain because the plaintiff purchased the land in question at the sheriff's sale for the small consideration of thirty-five dollars. This was evidently due to the effort on the part of themselves to place it beyond the reach of creditors. Besides this, and the fact that the property was incumbered for the purchase price to the extent of two thousand or twenty-three hundred dollars, the defendant, Joseph Long, offered proof in this case that he caused his attorney to make public proclamation at the sale, warning persons not to bid, that the land belonged to Mrs. Long and not to him, that he had no interest in it, and that whoever purchased would buy a law suit. Inadequacy of consideration is no defence to this action, under such circumstances.

5. Finally it is contended by the appellants that the plaintiff is a subsequent purchaser, and that he has not made out a case within the rule of *Bonney v. Taylor*, 90 Mo. 64. That case is not at all in point here; for it is the well-established law, that a purchaser at an execution sale occupies the same position and has all the advantages of the judgment creditor when he seeks to set aside or defeat a fraudulent conveyance made by the judgment debtor. *Ryland v. Callison*, 54 Mo. 513; *Lionberger v. Baker*, 88 Mo. 447. Here the plaintiff was, in fact, a creditor in his own right as to one of the debts.

The judgment is affirmed. All concur.