## J. W. SPENCER v. M. R. SHELBURNE.

### No. 2025.

**1. Negligence—Charge of Court on Weight of Evidence.**

In an action for damages resulting from negligently driving to death a horse hired from the plaintiff, the court charged the jury to find against the defendant if the horse became sick or exhausted on the journey and the defendant pursued his journey and the horse died in consequence thereof. Held to be a charge on the weight of the evidence, there being no law declaring it to be negligence per se to drive a sick or exhausted horse.

**2. Bailment—Liability of Bailee—Hired Horse.**

The general rule is, that the hirer of a horse for one purpose or journey who deviates from the bailment contract by using it on a longer journey, is liable in case of accident for its loss, though not otherwise at fault; but the rule, it seems, is not applicable, if it appears that the extra distance did not cause or materially contribute to the injury, and that the horse died without other fault of the hirer after his return with it within the limits of his contract.

APPEAL from the County Court of Cooke. Tried below before Hon. J. E. HAYWORTH.

*Blanton & Wright,* for appellant.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—Suit for damages by appellee against appellant for the latter's negligently driving to death the hired horse of the former. Conversion also alleged.

In submitting the issue of negligence, the court instructed the jury to find against appellant if the "horse became sick or exhausted on the journey and the defendant pursued his journey and the horse died in consequence" thereof. This was clearly a charge on the weight of the evidence, and the error assigned thereto requires the judgment to be reversed. Whether a man of ordinary prudence, under the same circumstances, would have driven a horse as this one was driven was exclusively a question for the jury, there being no law declaring it to be negligence per se to drive a sick or exhausted horse. Authorities need not be cited to sustain a proposition now so well settled in this State.

In view of another trial, the charge, also complained of upon the other issue, will be noticed. Appellee contended that appellant took a more extensive journey than was contemplated when the horse was hired, which contention the evidence of the latter tended to rebut. The horse took the colic on the return part of the journey, within the limits of the contract, and died soon after its return to appellee. Whether or not this was due to the alleged extension of the journey beyond the scope of the contract was also a controverted issue.

The charge submitted without qualification the general rule, that the hirer of a horse for one purpose or journey who deviates from the bailment contract by using it for a different purpose or on a longer journey

is liable, in case of accident, for its loss, though not otherwise at fault. 7 Texas, 561; 16 Texas, 301; 26 Texas, 141. In a recent Georgia case, however, somewhat analogous to this, it was held that this rule is.inapplicable, notwithstanding the technical conversion involved in the unauthorized extension of the contemplated journey, if it appears that the extra distance did not cause or materially contribute to the injury, and that the horse died, without other fault of the hirer, after his return with it within the limits of his contract. Farkas v. Powell, 12 L. R. A., 397, and cases cited in notes. This qualification of the rule, we think,. should be observed upon another trial.

We also suggest that a finding be had upon both issues, or at least that the verdict indicate the ground of recovery.

Whether the deviation from the contract was sufficiently covered by the general allegation of conversion to warrant the submission of that ground of recovery, we need not decide, as this objection may be easily cured by amendment. It may be, also, that the qualification suggested should be pleaded in avoidance of the alleged technical conversion.

On account of the error in the charge first considered, the judgment is reversed and the cause remanded.

<em>Reversed and remanded.</em>

Delivered November 30, 1895.