F. J. WILKINSON, Appellant, v. JOHN S. GOODIN *et al.*, Respondents.

St. Louis Court of Appeals, May 18, 1897.

1. **Creditor's Bill:** SUFFICIENCY OF. To entitle a judgment creditor to maintain his bill, it must appear that he has exhausted his legal remedies for the collection of the judgment, or that such remedies are inadequate. *Humphrey v. Milling Co.*, 98 Mo. 542.

2. ———: FRAUD. The mere allegation of plaintiff's belief as to the existence of fraud is not sufficient; the fraud must be charged directly.

3. ———: PARTIES. A third party who had no connection with the alleged fraudulent transactions between defendants, nor any interest in the mortgaged property in controversy, could not be interjected into the litigation.

4. ———: AMENDMENTS. The refusal of the court, after sustaining a a demurrer to an amended petition filed, to permit further amendments, which were formal and in no way relieved the petition of its objectionable features, was not prejudicial, though technically the amendments should have been permitted.

*Appeal from the Mississippi Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*W. N. Randolph* and *Jas. A. Boone* for appellant.

After condition broken and legal title gone out of J. S. Goodin, the property can not be reached, except

as appellant now seeks to reach it. *State ex rel. v. Carroll*, 24 Mo. App. 358; *Pollock v. Douglas*, 56 *Id.* 487; *Brown v. Hawkins, Id.* 487; 2 Story, Eq. [9 Ed.] 1035b.

Appellant has a lien on the personal property of J. S. Goodin by virtue of section 6305, Revised Statutes, 1889, subject to the liens of the landlord and mortgage of Stotts.

*H. C. O'Bryan* and *Russell & Deal* for respondents.

To entitle a creditor to equitable relief on the ground of fraud he must charge the fraud directly in his petition. A mere allegation of his belief that fraud has been committed is not sufficient. 8 Am. and Eng. Ency., p. 653.

The mortgages could not have been fraudulent nor operated as a wrong upon appellant because the property was almost entirely growing crops on rented lands —he had no land. *Selecman v. Kinnard*, 55 Mo. App. 635.

If appellant had any right, as he contends, he had a legal remedy, and for that reason this unusual extraordinary, cumbersome and expensive litigation, should not be permitted. *Thias v. Siener*, 103 Mo. 314; *Spitz v. Kerfoot*, 42 Mo. App. 77; *Merry v. Freman*, 44 Mo. 521.

If the mortgages were fraudulent on any property which was liable to levy, then appellant had the right to attach under the statute, and if Stotts or O. F. Goodin had in their hands any money or property of John Goodin, they could have been brought into court by garnishment, and the interest of all parties determined. *Humphreys v. Milling Co.*, 98 Mo. 549.

Again, the statutes have provided a special mode of procedure in such cases by requiring a defendant in

an execution that has been returned *nulla bona* to appear and be examined on oath. R. S. 1889, secs. 4971, 4972; *Ames v. Barclay*, 86 Mo. 56. See, also, *Turner v. Adams*, 46 Mo. 99.

BIGGS, J.—On the sixteenth day of June, 1896, the plaintiff recovered a judgment against the defendant John S. Goodin before a justice of the peace in Mississippi county. An execution was issued on the same day and it was immediately delivered to the constable of the township. The constable made no levy. A few days afterward, to wit, on the twenty-third of the month, the plaintiff instituted the present action against the defendants John S. Goodin and F. M. Stotts. It was averred in the petition that prior to the date of the plaintiff's judgment Goodin executed and delivered to Stotts four chattel mortgages which covered all property owned by Goodin. The mortgages were alleged to be of the following dates and amounts, to wit: (1) Mortgage dated February 22, 1895, conveying a crop of corn worth $1,000; five mules worth $350; wheat of the value of $800; hogs worth $100; other personal property of the value of $200 to secure an alleged indebtedness of $991. (2) Mortgage dated May 2, 1895, on a crop of potatoes of the value of $300 and to secure a note for $150. (3) Mortgage dated November 5, 1895, on wheat of the value of $1,000, horse and mule worth $200 and to secure note for $600. (4) Mortgage dated June 13, 1896, on crop of growing wheat worth $700, and to secure a note for $500. It was further averred that the plaintiff believed that these mortgages were fraudulent in that they were executed with the intent or purpose to hinder the other creditors of Goodin, and that by reason of these mortgages and the threats of Stotts the plaintiff was deterred from directing the constable to levy upon the mort-

gaged property.  It was stated that the property (except that portion which Stotts had sold and converted) was then in the possession of Goodin.  The prayer was that defendants should be compelled to make an accounting, that the mortgaged property be sold, and that after payment of such portion (if any) of the alleged indebtedness from Goodin to Stotts as might be found to be valid and unpaid, the residue of the proceeds be applied to the satisfaction of plaintiff's judgment.  A few days after the institution of the suit the plaintiff filed a supplemental petition, in which he made the defendant O. F. Goodin a party.  At the succeeding October term of the circuit court the plaintiff filed an amended petition, which was substantially the same as the original, except the additional allegation that after the institution of the suit John S. Goodin leased some farm land from O. F. Goodin; that he had sown it to wheat, and that by reason of the lien of the landlord for the rent the interest of John S. in the growing crop could not be levied upon.  The petition asked for the appointment of a receiver to take charge of the crop of wheat, for the purpose of harvesting and selling it, and that after paying the rent and expenses of the receiver the residue of the proceeds of sale be applied to the discharge of plaintiff's debt.  The court sustained a demurrer to this petition.  The plaintiffs offered certain amendments, which were rejected, and thereupon final judgment was entered on the demurrer. The plaintiff has appealed.

The demurrer was rightly sustained for several reasons.  The rule is, that to entitle a creditor to maintain a creditor's bill, he must first exhaust his legal remedies for the collection of his judgment, or it must appear that such remedies are inadequate.  *Humphrey v. Milling Company*, 98 Mo. 542.  The averment is, that at the time

CREDITOR'S bill, sufficiency of.

the suit was instituted John S. Goodin was in possession of the property. If so, the right to levy upon the property was clear. As to property already converted, the remedy by garnishment of Stotts was sufficient. Under such a proceeding the fraudulent character of any or all of the mortgages could have been shown. It is suggested by counsel for plaintiff that after the maturity of the debts the interest of John S. in the property was a bare equity and not subject to levy. The answer to this is, that the petition does not state that the alleged debts were past due. Besides, the argument assumes that the mortgages were valid, whereas the plaintiff claims that they were fraudulent, and if so, they were not obstacles in the way of a levy, although the debts secured were past due.

Again, the allegation of fraud in the petition is insufficient. It is as follows: "That plaintiff believes and has good reason to believe that the defendants have by reason of said mortgages (except the CREDITOR's bill: one first described herein, which plaintiff fraud. believes to be for value received and for a sufficient consideration) and by other means and devices have fraudulently concealed, covered up, and converted to their own use the property of the said John S. Goodin, so as to hinder and delay plaintiff and other creditors," etc. No issue was tendered by this averment. The fraud must be directly charged. The court has no concern with the belief of the plaintiff as to its existence.

The bill was also demurrable for multifariousness. O. F. Goodin had no connection with the alleged fraudulent transactions between Stotts and John S. Goodin; PARTIES. neither did he have any interest in the mortgaged property. The alleged right to bring him into a court of equity rested on a different transaction, and one entirely disconnected with the

'dealings of Stotts and John S. That he could not rightly be drawn into the litigation between these parties is made clear by the statement and application of the rule by the supreme court in the cases of *Bobb v. Bobb*, 76 Mo. 419, and *Rheinhart v. Long*, 95 Mo. 396.

The amendments offered by plaintiff were entirely insufficient. They were formal and in nowise relieved the amended petition of its objectionable features. If the amendments had been accepted, it PETITION: amendments. would have necessitated another demurrer.

Hence we think the refusal of the court to permit further action in the case was not prejudicial, although technically the amendments ought to have been allowed. It is only when the third petition is adjudged insufficient on demurrer or is stricken out on motion, that the defendant is entitled to a judgment. *Spurlock v. Railroad*, 93 Mo. 13.

The judgment of the circuit court will be affirmed. All the judges concur.