WELLS & WIGGINS GROCERY COMPANY et al., Respondents, v. CLARK'S EXECUTRIX et al., Appellants.

### Kansas City Court of Appeals, April 3, 1899.

Fraudulent Conveyances: EQUITY: GARNISHMENT: JURISDICTION. Where a debtor fraudulently transfers his property to a third person his judgment creditors may garnishee such third person even though he has converted such property into money; and a court of equity has no jurisdiction to entertain a bill to reach said property or its proceeds in the hands of such third person.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

REVERSED AND REMANDED.

THOMAS & HACKNEY for appellants.

The facts set forth in plaintiffs' petition did not entitle plaintiffs to any equitable relief.    Their rights (if any) should have been asserted in a garnishment proceeding

against Clark, where the issues could have been submitted to a jury trial. Error was therefore committed in overruling defendant Clark's objection to the introduction of any evidence, as well as in overruling the motion in arrest. Epstein v. Clo. Co., 67 Mo. App. 221; Wilkinson v. Goodin, 71 Mo. App. 394; Humphreys v. Milling Co., 98 Mo. 542; Bank v. Packing Co., 138 Mo. 59; Brock v. Rich, 76 Mich. 644.

McReynolds & Halliburton for respondents.

(1) Under the evidence of Tindale and his wife Clark was a trustee and plaintiffs were entitled to an accounting and to have judgment for amount of their claims, if sufficient money was found in his hands. Pendleton v. Perkins, 49 Mo. 565; Lackland v. Garesche, 56 Mo. 267; Iron Co. v. McDonald, 61 Mo. App. 559; Pickens v. Dorris, 20 Mo. App. 1. (2) The evidence showing that Clark was to sell the furniture and reimburse himself and pay certain debts of Tindale and surplus, if any, to Tindale, required an accounting to see how much, if anything, Clark had in his hands belonging to Tindale, and this of itself is an original ground of equity jurisdiction. Bispham's Principles of Equity, sec. 32. (3) Under the pleadings and evidence in this case plaintiffs are entitled to the remedy and relief sought and obtained in this cause. Bank v. Leyser, 116 Mo. 51; Woodard v. Mastin, 106 Mo. 324; Luthy v. Woods, 1 Mo. App. 167; Savings Ass'n v. Kellogg, 52 Mo. 583. (4) It is enough that there is a remedy at law, but such remedy must be as practical and efficient to the end of justice as to the remedy in equity. A garnishment before a justice of the peace does not always meet the requirement. Iron Co. v. McDonald, 61 Mo. App. 559. (5) One of the recognized principles of equity jurisdiction is the avoidance of a multiplicity of actions. This one case takes the place of eight unsatisfactory garnishment suits before a justice of the peace, which would not have furnished an adequate remedy to any one of plaintiffs.

GILL, J.—The plaintiffs in this case (eight in number, and who are creditors of defendant Tindale) filed a pretended bill in equity whereby they sought to reach certain property or proceeds of the sale thereof in the hands of defendant Clark, claiming that the same was fraudulently transferred to him by said Tindale. Since the point to be decided is whether or not, on the facts stated in the petition, an equity proceeding was the proper remedy—in other words, whether the circuit judge as chancellor had jurisdiction thereof—we proceed here to state the facts set out in the bill.

STATEMENT.

Counsel for defendant Clark have fairly stated the substance of the petition: Plaintiffs allege that in November, 1895, Tindale was the owner of certain hotel furniture used by him in the hotel in the city of Carthage, of the value of two thousand dollars; that Tindale was renting the building from the defendant; that on November 9, Tindale executed to the First National Bank of Carthage his note for $900, due ninety days after date, with eight per cent interest per annum, which note was signed by defendant Clark as security for said Tindale; that for the purpose of securing said Clark, as such surety, Tindale made and delivered to Clark a chattel mortgage on said hotel furniture, etc.; that during the time Tindale was carrying on said hotel, he contracted debts with plaintiffs, for the amounts set forth in the petition; that afterwards Tindale and Clark connived together, for the purpose of hindering, delaying and defrauding the creditors of Tindale; and that said Tindale transferred to Clark all the aforesaid furniture, etc., owned by said Tindale and used by him in said hotel, without actual consideration; that the possession of said furniture, etc., was delivered by Tindale to Clark, and since that date that Clark had sold the same and converted the same into cash. The petition then set forth the amount due to each one of the plaintiffs and averred that

each claim had been reduced to judgment in the justice court against J. S. Tindale. The petition further averred that Tindale was insolvent, and had no property on which executions could be levied. The petition further averred that the note for $900, on which Clark was security, at the bank, had been paid off, and that Clark was fully released from all liability on account thereof, but that the mortgage had not been satisfied of record. The petition further averred: "That owing to the manner and means by which said Clark obtained possession and control of said furniture, goods, queensware and merchandise aforesaid, from said Tindale, and his sale and disposal thereof, plaintiffs can not hold said Clark as a garnishee, and that plaintiffs have not any legal remedy by which they can reach the said property and the proceeds thereof, so illegally obtained by said Clark as aforesaid." The petition then prayed the court to take an account of the property acquired by Clark from Tindale, and asked for a judgment against Clark for a sufficient amount to satisfy the judgments and costs owing by Tindale to each of the plaintiffs.

The answer of the defendant Clark was a general denial.

At the commencement of the trial the defendant Clark objected to the introduction of any testimony, on the ground that the action was one purely for a money demand, and that a court of equity had no jurisdiction. This objection was overruled, and after hearing the testimony, the court rendered a decree, finding the issues in favor of the plaintiffs, and finding, upon accounting: "That there is in the hands of defendant, T. J. Clark, $389.43, which in equity the plaintiffs as creditors of defendant, J. S. Tindale, are entitled to have applied to the payment of their judgments."

Judgment was thereupon rendered in favor of plaintiffs against defendant T. J. Clark for the several claims, aggregating $389.43, and for costs. In due time defendant Clark filed his motions for new trial and in arrest of judgment,

which being overruled, he brought the case to this court by appeal. Subsequent to the granting of the appeal T. J. Clark died, and the cause was revived in the name of his executrix, Eliza C. Clark.

The question is, whether or not, under the facts stated in the petition, plaintiffs had an adequate remedy at law. If so, then clearly they should have pursued that remedy and had no right to resort to equity and thereby deprive defendant of a trial by jury. In our opinion plaintiffs had, on the facts stated, a clear and undoubted legal remedy by garnishment, and the trial court erroneously overruled defendant Clark's objection to the introduction of any evidence as well as his motion in arrest of judgment.

Conceding the facts to be as alleged in the petition and then each of said plaintiffs may have prosecuted a garnishment against defendant Clark for the amount of their respective claims against the debtor Tindale. The case made by the facts alleged was one of an ordinary fraudulent transfer by a failing debtor to one participating in the design to hinder, delay and defraud the creditors of such debtor. The petition alleges, "that said Tindale and said Clark connived together for the purpose of hindering and delaying and defrauding the creditors of said Tindale" and made the sale and delivery of the property "without any actual consideration;" that said Clark took possession of said goods and thereafter sold and "converted the same into cash." In that case we have held that such proceeds of the fraudulently assigned property may be reached by garnishment sued out by the defrauded creditor. Epstein v. Clothing Co., 67 Mo. App. 221. It was there, as here, contended that the proper way to reach and subject such proceeds arising from the sale of property fraudulently transferred, was by a suit in equity. But, after a full review of the statutes and decisions, it was said: "The personal property, while held in kind by the fraudulent vendee, is clearly, *as to creditors,* the property

of their debtor (the fraudulent vendor). And so with *money*. If the fraudulent vendee shall have sold the property, it is within the meaning of this statute the money of the fraudulent vendor. We think it was the clear intent of the garnishment statute, not only to lay hold of all moneys in the hands of the garnishee which might be recovered by the attachment defendant, but as well to reach all moneys which such garnishee might have by reason of the sale of the property conveyed to him in fraud of the creditors of such defendant. *As to these defrauded creditors* such funds are the moneys of their debtor." Humphreys v. Milling Co., 98 Mo. 542. See, also, Wilkinson v. Goodin, 71 Mo. App. 394; Bank v. Packing Co., 138 Mo. loc. cit. 93.

Since, then, under the allegations of the petition, plaintiffs had a legal remedy for the satisfaction of their claims out of the property fraudulently transferred to defendant Clark, it must be held that the petition failed altogether to state a cause of action in equity. In other words the court, sitting in equity, had no jurisdiction of the subject-matter.

Judgment reversed and cause remanded. All concur.