COBERN et al. v. STEVENS et al.
(No. 5336.)

(Court of Civil Appeals of Texas. Austin. April 22, 1914. Rehearing Denied May 27, 1914.)

1. HOMESTEAD (§ 189*)—RIGHT TO SET ASIDE —CONVEYANCE IN FRAUD OF CREDITORS.

Where an owner of land, who was the head of a family and resided thereon, conveyed it in fraud of creditors, he is entitled, upon the conveyance being set aside, to select and hold 200 acres as his homestead, for, the conveyance being a nullity as to his creditors, it does not destroy his right to a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 358; Dec. Dig. § 189.*]

2. HOMESTEAD (§ 213*)—PLEA OF HOMESTEAD— WAIVER OF OBJECTION.

Where a plea to set aside a homestead out of a larger tract did not designate the particular portion selected, but merely asked that his right to 200 acres be protected, and the plaintiff creditors did not except to the plea, the debtor is entitled to have his homestead set off.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 394–396; Dec. Dig. § 213.*]

Appeal from District Court, McCulloch County; John W. Goodwin, Judge.

Action by J. E. Stevens and others against G. E. Cobern and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Harvey Walker and Shropshire & House, all of Brady, for appellants. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellees.

KEY, C. J. Appellees brought this suit against Ben Polk, G. E. Cobern, and Mrs. S. M. Roller, seeking to recover upon a note executed by Polk and Cobern, and to foreclose an attachment lien upon 335 acres of land as against all the defendants, including Mrs.

Roller; plaintiffs alleging that G. E. Cobern had conveyed the land to Mrs. Roller for the purpose of defrauding the plaintiffs, and asking to have that conveyance canceled and the land sold under their attachment lien for the payment of the debt owing by Polk and Cobern. All of the defendants filed general denials, and the only other pleading necessary to be mentioned is the plea of homestead interposed by the defendant Cobern. The case was submitted to a jury upon special issues, and the jury found that the land was conveyed by Cobern to his mother, Mrs. Roller, for an indebtedness amounting to $2,625; that the deed by which the property was conveyed transferred other property, the entire amount transferred being at that time of the value of $7,404; that the transfer referred to was made by Cobern for the purpose of defrauding his creditors; but that his mother, Mrs. Roller, was not aware of such fraudulent intent, and surrendered to him a note signed by him, and payable to her, for the sum of $5,800 as a consideration for the execution of the deed. The jury also found that, at the time of the issuance and levy of the writ of attachment sued out by the plaintiffs, the defendant Cobern was a married man, and was residing on and using the land involved as a home. The court rendered judgment for the plaintiffs for the amount of their debt, and foreclosed the attachment lien against the entire tract of land, and the defendants G. E. Cobern and Mrs. Roller have appealed.

[1] We sustain the third assignment of error, and hold that the trial court committed error in not sustaining Cobern's plea of homestead. According to the findings of the jury and the undisputed testimony, at the time the attachment was issued and levied upon the land, Cobern was the head of a family, and was residing with his family upon the land. This being true, as against the plaintiffs and all other general creditors, he was entitled to select and hold 200 acres of the land, including the residence and other buildings, as his homestead. Counsel for appellees seem to contend that he could not assert any homestead right because of the fact found by the jury that he transferred the land with intent to defraud his creditors. We do not regard that contention as sound. If he resided on the property as his homestead at the time he made the transfer referred to, then such transfer as to the 200 acres which constituted homestead was not in fraud of creditors; but the jury did not find, and we do not hold, that it was his homestead at that time. However, the plaintiffs are estopped from denying that the land belonged to Cobern at the time they had their attachment levied upon it, because they levied upon it as his property, and sought to have the transfer which he had executed canceled and set aside, in order that it might be sold as his property in satisfaction of their debt against him. Necessarily, their contention is that, as against them, the law should deal with the property as though it had never been transferred; and, if such had been the case, it is clear that Cobern could have interposed and maintained his homestead right as against plaintiffs' demand. In other words, if it be conceded that the transfer was made with intent to defraud the plaintiffs, nevertheless, if on account of such fraudulent intent, or for any other reason, Mrs. Roller had transferred the land back to Cobern before the attachment was levied, he could have then interposed his homestead right as against the attachment lien, or any other right asserted by the plaintiffs. The fact that Cobern could not have asserted his homestead right as against Mrs. Roller is immaterial for two reasons: In the first place Mrs. Roller joined him in his plea of homestead, and in the request that the court protect his homestead right, and in the second place the plaintiffs do not assert any right from or under Mrs. Roller; on the contrary, their claim is adverse to hers, and is founded upon the proposition that, as against them, Cobern's deed to Mrs. Roller conveyed nothing, and left the title in Cobern.

[2] It is true that in his plea of homestead Cobern did not, as perhaps he should have done, designate by metes and bounds the particular 200 acres of land he claimed as his homestead; but his plea was not excepted to for that reason, and he asked the court to protect his right as to 200 acres of the land, and we hold that he was entitled to have the judgment so framed as to accomplish that result.

As to the contention that Mrs. Roller should be protected as an innocent purchaser, we express no opinion, and merely send the case back for another trial.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.