GILLETTE et al. v. DAVIS et al. (No. 280.)

Court of Civil Appeals of Texas. Eastland.
May 29, 1927.

Rehearing Denied June 17, 1927.

1. Execution ☞303—Title of purchaser at sheriff's sale depends on valid judgment, sale and payment, not on deed by sheriff.

Title of purchaser of land at sheriff's sale does not depend on making of deed by sheriff, but depends on valid judgment, levy, execution sale, and payment of money.

2. Execution ☞308—Purchaser at sheriff's sale became vested with whatever title could be passed by sheriff's deed on sheriff's being enjoined to make deed after sale.

Where sheriff's sale was completed before injunction to restrain sheriff from issuing deed was served or notice of its issuance brought to sheriff, whatever title could have passed by sheriff's deed became vested in purchaser at sale, who is entitled to deed.

3. Fraudulent conveyances ☞24(1), 52(4)—Purchase of farm by insolvent debtor in name of minor son held invalid as to consideration furnished by merchandise, but valid as to consideration furnished by homestead.

Where debt of judgment creditor was incurred prior to sale by judgment debtor of homestead and merchandise for farm which was placed in name of debtor's minor son, leaving debtor without property subject to execution, sufficient to satisfy debts, sale was insufficient to place title in debtor's son under statutes relating to fraudulent conveyances so far as consideration therefor was furnished by merchandise, but was valid as to consideration furnished by homestead, though intended as gift for son or in trust for wife.

4. Fraudulent conveyances ☞51(1)—Debtor may sell or give away exempt property, creditors having no interest therein.

Creditors have no interest in exempt property, and debtor may sell or give it away at his pleasure.

5. Fraudulent conveyances ☞176(3)—Parol trust in favor of failing debtor cannot be ingrafted on deed made to place property beyond reach of creditors.

Parol trust in favor of failing debtor, where purchase is made for purpose of placing property beyond reach of creditors, cannot be ingrafted on deed.

6. Fraudulent conveyances ☞223—Prior conveyance by debtor after incurring debt may be attacked by purchaser at execution sale.

Purchaser at execution sale may attack prior conveyance made by debtor after debt was incurred.

7. Fraudulent conveyances ☞182(5)—Property conveyed in fraud of creditors may be said to be held in "trust" for creditors.

Word "trust" is usually applied in action to recover property conveyed in fraud of creditors on theory that as to creditors insolvent debtor held title in trust for them.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trust.]

8. Fraudulent conveyances ☞228, 230—Creditor may have execution or attachment levied on property taken in exchange by insolvent debtor in third person's name in fraud of creditors.

Where insolvent debtor purchases property for consideration paid, which is subject to execution or to be applied in satisfaction of his debt, and has conveyance made to third person, creditor may have execution or attachment levied on property as property of debtor, and purchaser at execution sale may recover property from grantee if transaction is adjudged in fraud of creditors.

9. Fraudulent conveyances ☞38—Nonexempt property may be converted into exempt property by insolvent debtor and placed beyond reach of creditors.

Debtors, though insolvent, may convert nonexempt property into exempt property and thus place it beyond reach of creditors.

10. Homestead ☞57(3)—Evidence held insufficient to show appropriation of farm, purchased by insolvent debtor in name of son, for homestead as against purchaser at execution sale.

In action by purchaser at sheriff's sale to recover farm levied on which had been purchased by insolvent debtor and conveyance taken in name of minor son, evidence that debtor never occupied farm with family but rented same *held* insufficient to show an appropriation for homestead purposes sufficient to place farm beyond reach of creditors.

11. Homestead ☞32—Premises to be claimed as homestead must be occupied within reasonable time after acquisition of property or intention to claim homestead is formed.

Though actual occupancy of premises by family is not absolutely essential to support homestead claim, such occupancy must occur within reasonable time after acquisition of property or after intention to claim it as homestead is formed.

12. Homestead ☞31—Intention to use property as homestead is insufficient to establish homestead, where unaccompanied by acts evidencing intention.

Mere intention to use property as homestead in future, unaccompanied by acts evidencing such intention, is not sufficient to impress homestead character on premises.

13. Homestead ☞32—Failure of debtor to occupy premises purchased to establish homestead exempt from creditors held not excused by litigation not preventing appropriation of property.

In action by purchaser at execution sale to recover property previously purchased by insolvent debtor in name of son, failure to occupy premises necessary to establish homestead exempt from creditors is not excused by fact that property was in litigation, where no legal

process issued preventing debtor from appropriating property to use of homestead.

**14. Fraudulent conveyances ⬥⟹51(1)—Sale of exempt and nonexempt property will be upheld as to exempt property, though fraudulent as to creditors.**

Sale of exempt and nonexempt property, fraudulent as to creditors, will be upheld as to exempt property.

**15. Fraudulent conveyances ⬥⟹181(1)—Purchaser at execution sale of farm purchased by insolvent debtor for exempt and nonexempt property, and not appropriated as homestead, could recover proportion of premises represented by value of nonexempt property.**

Where insolvent debtor exchanged exempt and nonexempt property for farm, title to which was taken in name of son and homestead was never acquired in farm, purchaser at execution sale of farm was entitled to recover proportion of premises represented by value of nonexempt property.

Appeal from District Court, Comanche County; Joe H. Eidson, Judge.

Suit by Leslie Gillette and others against R. D. Davis and another, consolidated with suit by R. D. Davis and another against the Standard Shoe & Leather Company and another. Judgment for defendants in first case and for plaintiffs in second case, and plaintiffs in first case and defendants in second case appeal. Reversed and remanded, with directions.

A. B. Haworth, of Comanche, for appellants.

Callaway & Callaway, of Comanche, for appellees.

PANNILL, C. J. The appeal is from a judgment in a consolidated cause. One of the suits was by appellant Gillette against appellees in trespass to try title and to recover certain lands, and the other was a suit by the appellees against the Standard Shoe & Leather Company and J. T. Gilbreath, sheriff, for an injunction to restrain the sale of the land. The respective controversies grew out of the following transactions:

R. D. Davis was engaged in the retail mercantile business at Hasse. The house in which the business was conducted constituted both his residence and business homestead. In September, 1924, he was indebted to the Standard Shoe & Leather Company, owed other debts, traded the stock of merchandise and homestead aforesaid to one Donaho for a farm, and had the deed made to H. G. Davis, the 10 year old son of R. D. Davis. The stock of merchandise referred to was all the property Davis then had subject to execution. The debt due by Davis to the Standard Shoe & Leather Company remaining unpaid, judgment was obtained against him, execution was issued and levied on the land standing in the name of his son, H. G. Davis. The levy and sale was made of said real estate as the property of R. D. Davis. At the sale appellant Leslie Gillette became the purchaser and paid the amount of his bid to the sheriff, but before the sheriff could execute to him a deed, a writ of injunction was served upon the sheriff, attempting to restrain the sale. The sheriff then made due return of the execution, showing proper advertisement, notice, a lawful sale at which appellant became the purchaser, and the service of said writ of injunction. The amount paid by appellant was returned by the sheriff to the court and paid over to the judgment creditor. The sheriff's return showed his willingness to make a deed but for the writ of injunction. Appellant then brought this suit making R. D. Davis and his son, H. G. Davis, parties defendant, alleging that the transfer of the property was fraudulent. This suit and the injunction suit were consolidated as stated.

R. D. Davis and H. G. Davis answered, pleading the general issue, in the alternative that if the property was not the property of H. G. Davis, it was the separate property of Mrs. R. D. Davis and was the homestead of R. D. Davis and wife. The latter intervened, set up the claim that the property in controversy was her separate property and her homestead.

At the trial before the court, judgment was entered for the defendants on the ground that the property was the homestead of the appellees R. D. Davis and wife, and perpetuating the temporary injunction against the sheriff, restraining the sale of the premises.

Numerous assignments are presented, and as germane thereto 20 propositions are asserted. It will not be necessary to discuss either the assignments or propositions seriatim, as it is believed that the propositions hereinafter discussed will dispose of the entire case.

[1] The matters relating to the injunction suit can be disposed of, we believe, by the statement that the injunction was ineffective in this instance. It seems to be well settled in this state that the title of a purchaser of land at a sheriff's sale does not depend upon the making of the deed by the sheriff. A title under such a sale depends not upon the deed, but upon a valid judgment, levy, execution sale and payment of the money. Donnebaum v. Tinsley, 54 Tex. 362, and authorities there cited; Flaniken v. Neal, 67 Tex. 629, 4 S. W. 212; Baker v. Clepper, 26 Tex. 629, 84 Am. Dec. 591.

[2] The sale having been completed before the writ of injunction was served or notice of its issuance brought to the attention of the sheriff, whatever title that could have

passed by the sheriff's deed vested in the appellant. Appellant's petition contained a prayer requiring the sheriff to make him a deed, and upon another trial that part of the plea should prevail.

[3, 4] It is uncontradicted that the stock of goods formed a part of the consideration for the deed from Donaho to Harold G. Davis, that the debt to the judgment creditor stated had been incurred prior to the transaction noted, and that the placing of the title to the property in the name of Harold G. Davis left the debtor, R. D. Davis, without property subject to execution sufficient to satisfy his debts. The sale, in so far as a consideration therefor was furnished by said stock of merchandise, was as to creditors insufficient to place the title in H. G. Davis under our statutes relating to fraudulent conveyances. So far as the consideration for said deed from Donaho to H. G. Davis was furnished by the homestead of appellees, it was valid. Creditors have no interest in exempt property and the debtor may sell it or give it away at his pleasure, and as to the part of the premises representing the value of the Davis homestead it is immaterial whether the premises acquired from Donaho were intended by appellee R. D. Davis to be a gift to his son, or the property of his wife for whom the son should hold in trust.

[5] A parol trust in favor of a failing debtor, where the purchase is made for the purpose of placing the property beyond the reach of his creditors cannot be ingrafted upon the deed. See authorities cited in Maples v. Maples (Tex. Civ. App.) 275 S. W. 1091.

Appellees assert that the judgment in their favor should be upheld, among other reasons, because appellant could not attack the deed in that he was not a creditor, within the meaning of the law, and that the property was the homestead of the appellee R. D. Davis and wife.

[6] As to the first contention, the rule seems to be well settled that a purchaser at execution sale may attack a prior conveyance made by the debtor after the debt was incurred. Hancock v. Horan, 15 Tex. 507; Rinehart v. Long, 95 Mo. 396, 8 S. W. 559; 27 C. J. p. 479, § 128.

[7] In this case the appellant Gillette was not attempting to set aside the deed from Donaho to H. G. Davis, but to recover the property on the theory that as to creditors H. G. Davis held the title in trust for them. While the use of the term "trust" in such cases may not be technically accurate, it is the term usually applied. See Pomeroy's Equity (4th Ed.) § 1057, page 2418; 20 C. J. § 720, p. 568; Rinehart v. Long, supra.

[8] Regardless of whatever legal term may be used to classify the transaction in legal parlance, it is well settled that, where an insolvent debtor purchases property and the consideration paid by him is subject to execution or to be applied to the satisfaction of his debts and has a conveyance made to a third person, a creditor may have his execution or attachment levied upon the property as the property of the debtor, and the purchaser at said sale may recover the property from the grantee if the transaction is adjudged to be in fraud of the rights of the creditors.

[9] It is true, of course, that a debtor, though insolvent, may convert nonexempt property into exempt property and thus place it beyond the reach of his creditors. In other words, in this case, if the appellee Davis had taken the deed to this land in his own name and had impressed the same with a homestead character prior to the levy of the execution, it would have been exempt to him. Chase v. Swayne, 88 Tex. 218, 30 S. W. 1049, 53 Am. St. Rep. 742; Finn v. Krut, 13 Tex. Civ. App. 36, 34 S. W. 1013.

[10] But under the authorities cited above, we doubt his ability to claim a homestead right in the property on the theory that H. G. Davis held the property in trust for Mrs. R. D. Davis as to the part representing the value of the stock of merchandise; but if this point were conceded in favor of appellees, we do not think the evidence is sufficient to show an appropriation for homestead purposes on the part of the appellees. The facts are that Davis was not a farmer and had not been engaged in farming for a good many years, but he had been engaged in other lines of business, in running a truck, buying and selling produce, and in the mercantile business. The property in controversy was a farm and wholly rural. It was never occupied by Davis or his family. After the deed from Donaho to H. G. Davis, the Davis family moved to Deleon, where the father continued his former occupation of running a truck and buying and selling produce. As noted, the farm was acquired in September, 1924. At the beginning of the ensuing crop year Davis rented it for the year 1925, and also rented it for the year of 1926, during which the trial was had.

[11, 12] Nothing was done by Davis indicating an intention on his part to occupy it as a homestead, except he testified that he built a small tin shed on the place to be used as a garage and a short time thereafter tore the shed down and took the material away. While in all cases actual occupancy of premises by a family is not absolutely essential to support a homestead claim, but such occupancy must occur within a reasonable time after the acquisition of the property, or after the intention to claim it as a homestead is formed. Mere intention to use property as a homestead in the future, unaccompanied by acts evidencing such intention, is not sufficient to impress upon the premises the homestead character. Parsons et al. v. McKinney, 63 Tex. Civ. App. 617, 133 S. W. 1084; Gardner v. Douglass, 64 Tex. 76; Wilkerson v. Jones (Tex. Civ. App.) 40 S. W. 1046.

In Gardner v. Douglass, supra, the rule is stated:

"Where there has been no previous occupation of the land as a homestead, then, to invest it with that quality, it has been held essential that there be an existing bona fide intention to dedicate the property as a homestead, and this intent must be accompanied with such acts of preparation and *such prompt subsequent* occupation as will amount to notice of the dedication, and thereby prevent this most valuable right from being converted into an instrument of fraud." (Italics ours.)

[13, 14] No excuse was given by either Davis or his wife for not occupying the premises sooner except that it was in litigation. This is not deemed sufficient. There was no legal process issued or contemplated as would have prevented them from appropriating the property to the use of a homestead. It has been concluded that the taking of the title to the property in the name of Harold Davis, if fraudulent as to creditors in so far as the stock of goods furnished the consideration, was not fraudulent in so far as the Davis homestead furnished part of the consideration. No case involving the precise state of facts has been found, but it seems to be the well-settled rule that a sale of exempt and nonexempt property, fraudulent as to creditors, will be upheld as to exempt property. Cobern v. Stevens et al. (Tex. Civ. App.) 167 S. W. 207; 27 C. J. p. 441, § 65, and p. 445, § 68.

[15] There is no showing in the evidence as to the value of either the Davis homestead or the stock of goods. Upon another trial, if the evidence is the same as upon this, upon proof by appellant as to the value of the stock of goods traded, he will be entitled to recover such proportion of the premises in controversy as the value of the stock of goods bore to the value of the whole consideration paid for the conveyance to H. G. Davis.

If the appellees should elect to again contest the issue pleaded by them of homestead, their plea in that regard should be amended, as it is thought the special exceptions urged thereto should have been sustained.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with what has been stated above.