## TEAGUE et vir. v. BURK. (No. 7358.)

Court of Civil Appeals of Texas. Austin.
April 24, 1929.

Rehearing Denied May 15, 1929. Second Motion for Rehearing Denied May 22, 1929.

See, also, 3 S.W.(2d) 461.

E. A. Landman, of Athens, for appellants.
Bishop & Holland, of Athens, for appellee.

BLAIR, J. Appellee recovered a judgment against appellants for $748.63, with foreclosure of a mortgage lien on personal property, which the sheriff sold for $250. Thereafter, under execution issued on the judgment, the sheriff sold 150 acres of appellants' land for $200; appellee being the purchaser. Appellants then brought this suit to set aside both sales, alleging in reference to the personal property that appellee "chilled the sale" by fraudulently inducing one Jess Wofford to absent himself from the sale and to not bid, which caused the property to sell for a grossly inadequate price. The jury found that this allegation was not true and that Wofford was present at the sale. This finding is not attacked here and precludes that issue.

In reference to the sale of the land, appellants alleged that 43 of the 150 acres sold were a part of their 200-acre homestead, and

not subject to forced sale; and further that the land sold at a grossly inadequate price under such circumstances as would render the sale void. The jury found that the land was of the value of $3,000 at the time the sheriff sold it. On this finding and the undisputed evidence that the land was incumbered for more than its value when sold, the court denied appellants a recovery of the land, or a removal of cloud upon title by reason of the sheriff's sale and deed.

■■ Appellants first contend that the court should have on their request instructed the jury to find that 43 of the 150 acres of land were their homestead, or should have submitted their requested issues as to whether 43 of the 150 acres were a part of their 200-acre homestead. The petition does not describe the 200 acres on which appellants alleged they were residing as a homestead; nor does it describe the 43 acres sought to be recovered, or from which they sought to remove cloud cast by the sheriff's deed. It merely alleged that appellants "are entitled to a homestead of 200 acres of land; that the tract upon which they reside is their homestead, and that it takes 43 acres of land which was sold under execution and sheriff's deed to aggregate the amount of 200 acres." The 150 acres are described elsewhere in the petition, but nowhere are the 43 acres alleged to be a part of the homestead described. The law is settled that a petition to recover land or to remove cloud from title must describe the land so as to enable the court to grant the relief sought; and that a petition to recover or to remove cloud from title to a certain number of acres of land out of a larger tract insufficiently describes the land and is subject to a general demurrer. Halley v. Fontaine (Tex. Civ. App.) 33 S. W. 260; Cervenka v. Dyches (Tex. Civ. App.) 32 S. W. 316.

■■ Neither do we sustain appellants' contention that the land sold for a grossly inadequate price. Appellants alleged, and the jury found, that the 150 acres were of the value of $3,000 when sold. One of the appellants testified as follows: "There is something like $3400.00 or $3500.00 encumbrance on this 150 acres of land, the $1250.00 Federal Loan, $160.00 to Miller, some back taxes and deed of trust, making a total of about $3400.00 or $3500.00. Yes, sir, when Mr. Burk purchased the land at the sheriff's sale he gave $200.00 additional."

The other appellant admitted in effect the same indebtedness against the land. So un-

der the undisputed evidence the land was incumbered at the time of sale for more than its value, as alleged by appellants and as found by the jury; and the plea of inadequacy of price must fall. Having reached this conclusion, we pretermit a discussion, as being immaterial, of the issue raised in the briefs as to whether gross inadequacy of price alone is insufficient to invalidate a judicial sale; and whether appellants have alleged and proved sufficient facts and circumstances to render that general rule inapplicable.

We find no error in the judgment, and it is affirmed.

Affirmed.

### On Motion for Rehearing.

On motion for a rehearing appellants contend that we are in conflict with the case of Cobern v. Stevens, 167 S. W. 207, by this court, in holding appellants' petition insufficient to afford recovery of the 43 acres as a part of their homestead because not described, except as being a part of the 150 acres sold. That suit was to foreclose an attachment lien on 335 acres of land, 200 acres of which were defendants' homestead. The land had not been sold and the court could have directed the officer making the sale to first give defendants an opportunity to designate the 200 acres claimed as their homestead and the sale of the balance would have been valid. Or, if defendants refused to designate the 200 acres, then the officer could have made the sale as required by articles 3844 to 3854 of the Statutes. But in the case at bar the suit is to set aside the sheriff's deed and to remove cloud, the land having already been sold, and appellants alone knew or had the right to designate which 43 acres constituted a part of their homestead. Not having described it, the court could grant them no relief, and if the jury had found 43 acres of the 150 to be homestead, still the court would not have been able to render a valid judgment for it, because it was not described.

■■ In addition to our holding that no question of inadequacy of price for which the land sold was raised, we also think that appellants are not in a position to assert that the land sold for a grossly inadequate price because of their own conduct at the sale. Their attorney was present at the sale and notified those present that whoever bought the land would buy a lawsuit.

The motion will be overruled.

Overruled.