Clark, et al. v. The Covenant Mutual Life Insurance Co.,

——o——

MARIA LOUISA CLARK, et al., Respondents, vs. THE COVENANT MUTUAL LIFE INSURANCE COMPANY OF ST. LOUIS, Mo., Appellant.

1. *Presumptions of law—Real Estate, ownership of—Possession.*—The general presumption is, nothing appearing to the contrary, that the party who has the exclusive legal title to real estate, has also the possesssion.

2. *Equity—Cloud on title—Possession, lack of.*—A party not in possession cannot go into equity to have a cloud removed from his title as against one in possession holding under a deed.

3. *Equity—Cloud on title—Record—Defect apparent.*—When the opposite party can only claim title through the record, and a defect appears upon the face of such record, there is no cloud on the title such as will call for the exercise of the equitable powers of the court.

4. *Equity—Cloud on title—Record—Extrinsic evidence.*—Where the opposite party can claim title only through the record, and there is no defect apparent on the record, but such defect must be proved by extrinsic evidence, particularly if that evidence depends upon oral testimony to establish it, there is a cloud on the title.

5 *Evidence—Deed—Title—Grantor's interest.*—In showing title under a deed, or a cloud on a title through a deed, it is necessary to show that the grantor had some sort of title, either real or apparent.

6. *Practice, civil, pleadings—Equity, bill in—Multifariousness.*—A bill in equity is multifarious, when the distinct and independent matters are improperly joined ; as several matters perfectly distinct and unconnected united in one bill against one defendant, or the demand of several matters of a distinct and independent nature, against several defendants in the same bill.

*Appeal from St. Louis Circuit Court.*

*Dryden and Dryden,* for Appellant.

I. Equity will not interfere except where the party is in possession, and there is no allegation to that effect in the petition. (Apperson vs. Ford, 23 Ark., 746 ; Harris vs. Smith, 2 Dana, 11 ; Alton M. & F. Ins. Co. vs. Buckmaster, 13 Ill., 205 ; Ward vs. Dewey, 16 N. Y., 529 ; Orton vs. Smith, 18 How., 265 ; Armitage vs. Wickliffe, 12 B. Mon., 494 ; Haythorn vs. Margerem, 3 Halst. ch., 342 ; see also, Lake Bigler Road Co., vs. Bedford, 2 Nev., 399 ; Moran vs. Palmer, 13 Mich., 367.)

II. The petition alleges that the plaintiffs are husband and wife, and that the deed to Newman was made in the name of the wife alone.    Being so made without the joinder of the husband it was void on its face.    A deed void on its face, is no cloud on the title, and there is no need for equity to interfere. (Gamble vs. City of St. Louis, 12 Mo., 620 ; Graham vs. City of Carondelet, 33 Mo., 262 ; Piersoll vs. Elliott, 6 Peters, 98 ; Ward vs. Dewey, 16 N. Y., 528.)

*J. S. Garland,* for Respondents.

I. No judgment or decree can avail us anything, which does not cancel and annul the deeds mentioned in the petition. A court of law cannot cancel them. (Hamilton vs. Cummings, 1 Johns. Ch., 520–524 ; Hawkshaw vs. Parkins, 2 Swanst. Ch., 546.)

18—VOL. LII.

But courts of equity have long exercised full power in this behalf. (Story. Eq. Jur., §§ 699, 700.) And courts of chancery in cases of forged instruments have decreed the same to be given up and cancelled without any prior trial at law on the point of forgery. (Sto., Eq. Jur., §§ 701, 702; Peake vs. Highfield, 1 Rus. Ch., 560.)

II. We are entitled to protection against future injury from the instruments in question, which cloud may eclipse our title—injury which may become irreparable from lack of the necessary proof and ability to defend against it. (Bromley vs. Holland, 7 Ves., 20; Kemp vs. Pryor, *Id.*, 248; St. John vs. St. John, 11 Ves., 535; Peake vs. Highfield, 1 Rus., 559.)

III. The appellant cannot complain that the petition is multifarious, unless the petition is multifarious as to them. (McGlothlin's Admr. vs. Hemery, 44 Mo., 355; Campbell vs. Mackay, 7 Sim., 564; S. C. on Appeal, 1 Mylne & Craig, 603; Sto. Eq. Pl., §§ 271, (a.) (b.), 284, 531.)

IV. The husband must be joined as a plaintiff with the wife (since she is necessarily a party in the case at bar) under the provisions of our statute. (W. S., 1001, § 8; Latshaw vs. McNees, 50 Mo., 381.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in equity to remove a cloud from the title of the plaintiff Maria L. Clark, to certain land in the City of St. Louis. The petition alleged that the plaintiff Maria L., who is the wife of the other plaintiff, was at the time of the bringing of the suit and for a long time had been the sole owner of the land, that on the 15th of March, 1869, some person unknown, without the knowledge of the plaintiff, falsely personated the plaintiff Maria L., and made in her name alone a forged deed to one Newman, purporting thereby to convey to said Newman the land, that afterward on the 23rd day of March, 1869, said Newman conspiring with the defendant, the Covenant Mutual Life Insurance Company, made to the trustees of said company a deed of trust, purporting to convey said land to said trustees, in trust for the pur-

poses mentioned in said deed; that afterwards on the 1st day of April, 1869, said Newman again conspiring with one Quinlan, who was originally made a co-defendant with the defendant here, made a deed to said Quinlan purporting to convey to him the equity of redemption in said land, that all of these deeds have been placed of record in the office of the recorder of St. Louis County, and that by the making and recording of the same plaintiff's title to the land has been obscured and clouded; and accordingly prayed that the deeds might be canceled and rescinded, and that plaintiff's title might be cleared of the cloud cast upon it.

To this bill the defendant and Quinlan both filed demurrers. The grounds of defendant's demurrers were: That the petition did not state facts sufficient to constitute a cause of action; that there was no equity in the petition; that upon the facts stated the plaintiff was not entitled to any relief; that the petition was multifarious; and that there was a misjoinder of parties defendant and also parties plaintiff.

The court overruled the demurrers, when the case was dismissed as to Quinlan, and the defendant refusing to further answer, a decree was entered for the rescission and cancellation of the forged deed.

A bill is said to be multifarious, when distinct and independent matters are improperly joined whereby they are confounded, as, the writing in one bill of several matters perfectly distinct and unconnected, against one defendant, or the demand of several matters, of a distinct and independent nature, against several defendants in the same bill. Whilst the suit was pending against both the defendant and Quinlan, there might have been some foundation for the charge, but after the dismissal as to Quinlan, it seems to me there was then no further objection on that account. The only thing that was then left to be contested was the validity of the conveyance by which the defendant claimed an interest in the property. The dismissal also disposes of the question relating to the misjoinder of the parties defendant, and there was no misjoinder of the plaintiffs, for the husband was a proper party to

sue in conjunction with his wife. (Latshaw vs. McNees, 50 Mo., 381.)

It is insisted that the petition is defective, because it is not expressly alleged that plaintiff was in possession of the premises and that a bill to remove a cloud from the title lies only in behalf of one who is in the actual possession. The bill states that the plaintiff was, and for a long time had been, the legal owner of the land mentioned, and I think it may be assumed therefore, that at the time of the commencement of the suit, the plaintiff was in the possession of the premises. This fact is not directly averred in the petition, but it would seem to follow as a legal deduction from the facts that are averred. There is no point raised that any one else was in possession, and the general presumption is, nothing appearing to the contrary, that the person who has the exclusive legal title, has also the possession which usually accompanies that title. A party out of possession cannot go into a court of equity to have a cloud removed from his title as against one in possession holding under a deed. In such a case there would be no necessity for the exercise of the equitable jurisdiction of the court, as the title might be determined in an action at law. The settled rule is, that when a defect appears upon the face of the record through which the opposite party can alone claim title, there is not such a cloud upon the title as to call for the exercise of the equitable powers of the court to remove it. But when such claim appears to be valid upon the face of the record, and the defect can only be made to appear by extrinsic evidence, particularly if that evidence depends upon oral testimony to establish it, it presents a case for invoking the aid of a court of equity to remove it, as a cloud upon the title. (Cox vs. Clift, 2 Comst., 118 ; Ward vs. Dewey, 16 N. Y., 529 ; Piersoll vs. Elliott, 6 Pet., 95.)

The distinction in the two classes of cases is not only founded in reason, but exists in the very nature of things. It may be safely assumed, when such circumstances exist in connection with a deed as not only to give it an apparent validity, but to enable the grantor to make out a *prima facie* title under

it, a cloud is created. In showing title under a deed by the grantee himself, or in showing that the deed constitutes a cloud upon another's title, it is necessary to show some sort of title, either real or apparent, in the grantor. The fact however is very material as to the manner in which the title of the grantor is shown. If a grantee in deed, void for some reason not appearing upon its face nor in any of the previous deeds, is able to show a regular chain of conveyances down to his immediate grantor, then no one would doubt that the deed constituted a cloud upon the title. But if in the investigation, in tracing back the title, a defect appears upon the record, then it is evident there is no cloud, for the face of the record furnishes the means of detecting the error, and apprising parties of the true state of the title. Now to which class does this case belong? The plaintiff had a good and complete title to the premises, regularly recorded. Some one impersonating her, and in her name, executed a deed of conveyance to another. This deed was placed upon record. It then showed an apparent title in her supposed grantee. And although a forgery and utterly worthless, it was a cloud, and could only be removed by invoking the aid of extrinsic evidence. Whilst it was permitted to remain it obscured the title, and had a tendency to prevent the plaintiff from using and disposing of her property. Nor does it make any difference that the forged deed was void, because it showed that plaintiff's husband was not joined as a grantor. The record did not show that she was a married woman, and in order to avoid the deed under any circumstances it would have been necessary to show by extrinsic evidence that fact. There was nothing of record to show its invalidity, and therefore a suit became necessary. There was sufficient equity stated in the bill to entitle the plaintiff to relief.

Judgment affirmed. All the Judges concur, except Judge Sherwood, who is absent.