FREDERICK W. HARRINGTON, Plaintiff in Error, *vs.* JAMES T. UTTERBACK, *et al.*, Defendants in Error.

1. *Homestead—Equity—Cloud on title.*—A bill in equity will lie to secure relief from a cloud cast on title to real estate, by a sale under execution of property exempt under the homestead law. And such jurisdiction in equity is not ousted by the fact that a legal remedy is afterwards afforded, unless abolished by some prohibitory legislative enactment.

*Error to Montgomery Circuit Court.*

*C. H. Lee and Daniel Dillon,* for Plaintiff in Error, cited : Vogler vs. Montgomery, 54 Mo., 577 ; Clark vs. Cov. Mut. Ins. Co., 52 Mo., 276.

*Powell and Hughes,* for Defendants in Error, cited : Drake vs. Jones, 27 Mo., 428.

*E. Wells,* for Defendants in Error, cited : Kuhn vs. McNeil, 47 Mo., 389 ; Drake vs. Jones, 27 Mo., 428.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff is the owner of a house and lot in the town of New Florence, an incorporated town of less than forty thousand inhabitants. The lot does not include more than thirty square rods of ground, nor with the appurtenances, exceed in value the sum of fifteen hundred dollars. The plaintiff is the head of a family, and for a long space of time has owned, occupied and claimed the property as his homestead, and he is still in possession of, and using it, for the above mentioned purpose.

After the acquisition of his homestead, the plaintiff became indebted, judgments were rendered against him, and the homestead sold under executions; the defendants becoming the purchasers, and placing upon record the deed which they received from the sheriff, although they were fully apprised of the plaintiff's rights in the premises.

A petition alleging in substance the foregoing facts and praying for appropriate relief, was held insufficient on demurrer, and this necessitates an examination into the sufficiency of the petition.

If we look alone to the record in this case, we find that the defendants are the owners of the property; and in order to rebut and overthrow this *prima facie* case, which the records establish, resort must be had to extrinsic evidence, and parol evidence at that, to prove that the plaintiff is the true and rightful owner of the property, the records to the contrary notwithstanding; and that the defendants acquired nothing by their purchase. In cases of this sort the rule is well settled in this State, that a party in the situation of the plaintiff, may, under the circumstances detailed in his petition, very properly invoke equitable interposition to remove the cloud cast upon his title.

In the case of Clark vs. The Covenant Mutual Life Insurance Co., (52 Mo., 272) the cloud on the title consisted of a forged deed, which although a nullity, yet apparently constituted a link in the regular chain of conveyances, tending to obscure plaintiff's title and prevent her from using or disposing of her property; and without resorting to extrinsic evidence the title of her supposed grantee was a perfect one. And this court in that case did not entertain the slightest doubt that the plaintiff was entitled to the relief sought.

In the case of Merchants' Bank vs. Evans, (51 Mo., 335,) it was held, that where the defect was of such a character as to render the deed invalid, but yet even this could only be discovered by a mind of legal acuteness, equity ought to interpose and remove the cloud.

In Vogler vs. Montgomery, (54 Mo., 577) it was urged as a reason why the proposed sale of Vogler's homestead should not be enjoined, that such sale would pass no title; but this objection did not prevail, for this court held, in affirmance of the action of the court below, that an injunction might well go to prevent litigation, a cloud from being cast over the plaintiff's title, and a future sale of the property by plaintiff from being embarrassed.

It is however contended by defendants, that inasmuch as the plaintiff, as shown by his petition, is in possession of the property, and could resort to statutory proceedings to com-

pel defendants to bring an action to try the title, therefore, his remedy is full and complete at law.

But it by no means follows that equitable jurisdiction is ousted on that account. If such jurisdiction existed, as in the present instance, anterior to the time when a legal remedy was afforded, it will continue to exist until abolished by some prohibitory legislative enactment. (1 Sto. Eq. Jur., §§ 64, 80, and cases cited; Stewart vs. Caldwell, 54 Mo., 536.)

Besides, even if plaintiff should resort to and be successful in the proceedings suggested, at their termination he would still have to invoke the aid of equity, or else continue to have his title overcast by the conveyance to defendants, remaining of record, and this is sufficient to show that the remedy at law is inadequate. While, on the contrary, by his present method of procedure, if he shall succeed in procuring a decree therein, such decree being spread upon the records, will completely neutralize any apparent effect defendant's deed would otherwise create.

Judgment reversed and cause remanded; the other judges concur.