SOUTH PRESBYTERIAN CHURCH v. HINTZE *et al.*, *Plaintiffs in Error.*

**Injunction to Restrain Sale as a Cloud on Plaintiff's Title.**
Where the title to real estate is vested in one as trustee for another, but the trust is not a matter of record, but depends upon facts resting largely in parol, injunction will lie on behalf of the beneficiary to restrain a sale of the property under an execution against the trustee as his individual estate.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

This was a suit to restrain a sale of real estate on the ground that the sale would cast a cloud on plaintiffs' title. The petition alleged that defendant, Hintze, in March, 1876, recovered a judgment against defendant, Petticrew; that Petticrew was lessee of the real estate, under a lease for twenty years; that at the date of the lease the property was unimproved; that Petticrew, in connection with the Second Presbyterian Church of St. Louis, desired to establish in the vicinity where the real estate lies, a Mission Sunday School, and applied to the lessor to lease them the property, but the lessor refused to give a lease except to an individual; that, thereupon, it was agreed that Petticrew should take the lease in his own name and hold it for the Sunday School, which he engaged to do, and did, he holding as trustee merely, and paying nothing, except as he contributed with others to the general fund, by which the rent had been paid and buildings erected on the land; that Petticrew had both orally and in writing, disclaimed holding, except as a naked trustee for the Mission Sunday School, and, after its incorporation, for the plaintiff. The petition described the buildings, which it alleged, were costly, and averred that they were built, and the taxes and other expenses paid solely by the Mission school, and stated that in 1873 the society was incorporated, and the corpora-

tion became owner of all the property, Petticrew continuing to hold the legal title. It was averred that defendant, Hintze, knew all these facts, yet pretended that the judgment was a lien on the leasehold property, and had directed the sheriff, who was made a defendant, to levy upon and sell the leasehold under the execution against Petticrew; that the sheriff had so levied and advertised the leasehold and improvements for sale, as directed, etc. There were also allegations to the effect that plaintiff would be disturbed in its ownership; that the congregation would lose in its strength and membership if the sale took place.

There was a demurrer to the petition, on the ground that it failed to state facts sufficient to constitute a cause of action, or to show any right to the equitable relief asked. The circuit court overruled the demurrer, and the defendants refusing to answer over, rendered a final decree restraining the sale. From this defendants appealed to the St. Louis court of appeals, where the decree was affirmed.

*T. Z. Blakeman* for plaintiffs in error.

If the allegations of the petition were true, the plaintiff's remedy at law was adequate, and this action would not lie. Story Eq. Jur., §§ 33 to 49; *Davis v. Owenby*, 14 Mo. 170; Herman on Executions, § 334; *McClurg v. Phillips*, 57 Mo. 214; *Dunklin Co. v. Clark*, 51 Mo. 60; *Magwire v. Tyler*, 47 Mo. 115.

*S. M. Breckenridge* for defendant in error, cited R. S., § 2722; *McPike v. Pen*, 51 Mo. 63; *Holthaus v. Hornbostle*, 60 Mo. 439.

NAPTON, J.—The only question in this case is as to the propriety of an injunction which the circuit court allowed, and the court of appeals sanctioned, and we think the recent decisions of this court justified. The cases on this subject are reviewed by this court in *Harrington v. Utter-*

*back,* 57 Mo. 519, and on the authority of that case and others cited in the opinion, the judgment of the court of appeals is affirmed.   The other judges concur.