## DUNCAN v. GREENWALT.*

(Circuit Court, E. D. Missouri. March 21, 1882.)

1. COURTS OF EQUITY—JURISDICTION—PRACTICE—STATUTORY ACTIONS.

Where the statutes of a state, in which the distinction between actions in chancery and suits at law is abolished, provide for a particular action, the question whether a federal court held in that state should regard that action, when brought before it, as legal or equitable, must depend upon the facts stated and the relief sought. If the suit appears to be in the nature of a suit in equity, it should go upon the equity calendar, and be proceeded with in accordance with the equity rules.

2. SAME—SAME—ACTION TO QUIET TITLE.

Courts of equity have jurisdiction over suits to quiet the title to real estate.

In Equity.

This is a bill in equity filed by the complainant to quiet the title to certain real estate, situated in the city of St. Louis, by removing a cloud therefrom, caused, as is alleged, by the execution to the defendant's grantor of a certain tax deed. It is alleged that the pretended tax sale, and the deed executed in pursuance thereof, were void because of the failure to comply with the provisions of the statute of Missouri concerning tax sales. The respondent demurs to the bill upon the ground that under certain statutes of Missouri the complainant has a plain, speedy, and adequate remedy at law.

*E. Cunningham, Jr.*, for complainant.

*E. R. Monk*, for respondent.

McCRARY, C. J., (*orally.*) The bill as it now stands is plainly a bill to quiet title to the real estate in controversy by removing a cloud therefrom, and it is properly brought upon the equity side of the court, in accordance with long-established rules, unless it be true, as claimed by counsel for the respondent, that a plain, speedy, and adequate remedy at law is provided by certain statutes of Missouri. The first of these is section 6852 of the Revised Statutes of Missouri, which provides as follows:

"Any person hereafter putting a tax deed on record in the proper county shall be deemed to have set up such a title to the land described therein as shall enable the party claiming to own the same land to maintain an action for the recovery of the possession thereof against the grantee in deed, or any person claiming under him, whether such grantee or person is in actual possession of the land or not."

Counsel for the respondent is in error in insisting that a remedy given by statute is necessarily a remedy at law. The Code of Mis-

---

*Reported by B. F. Rex, Esq., of the St. Louis bar.

souri, like the codes of many other states, abolishes the distinction between actions in chancery and suits at law, and provides for the mingling the two in the same proceedings. The statute, therefore, provides both for equitable and legal proceedings. And when the statute provides, as in the section just quoted, for a particular action, the question whether that action is to be regarded in this court as equitable or legal must depend upon the facts stated, and the nature of the relief sought. Although authorized by the Code it may be an equitable action. It is insisted that this section provides for a suit by a party in possession. If it has that meaning it is certainly an anomaly in the way of legislation, for in the very nature of things a suit to recover possession of real estate cannot be maintained by a party who already has possession. The statute, however, does not provide that a suit for possession may be brought by a party who already has the possession; it provides that such a suit may be brought against the grantee in a tax deed, or his assignee, whether such grantee or assignee is in possession of the land or not. It may apply to a case where the land is not occupied in fact. But, even if construed to apply to such a case as the present one, I do not think it provides for an exclusive remedy at law.

In the state courts it might be held that a proceeding instituted under this section would afford the complainant an ample remedy, because either an equitable or legal action might be brought thereunder. But when such an action comes into this court we are bound by the equity practice which prevails here to look into the case, and if it appears to be in its nature a suit in equity, it must go upon our equity calendar, and be proceeded with in accordance with the equity rules. The section, therefore, does not prescribe for all actions a remedy at law, nor can I say that it prescribes such a remedy in the present case, since the bill shows upon its face a case in equity.

The other statutory provision relied upon by the respondent is section 3561 of the Revised Statutes of Missouri, which provides in substance that a party in possession of real estate may bring action against a party out of possession, who claims title, to require him to commence his suit at law to settle the question of his rights. It has been expressly held by the supreme court of Missouri that this section does not give an exclusive remedy at law so as to oust the jurisdiction of a court of equity in a case brought to remove a cloud from the title. *Harrington* v. *Utterback,* 57 Mo. 519.

If the respondent, however, thinks that the question of title in this case can be and should be determined in a court of law, where there can be a trial by jury, she is at liberty to institute such a suit, which she can do at any time, the complainant being in possession. The fact that a bill in chancery has been filed does not estop respondent from commencing an action at law. If such an action be commenced the court will then determine whether the suit in equity should be stayed until after a trial in the action at law.

The demurrer to the bill is overruled.

TREAT, D. J., concurs.