ARCHELAUS M. PERKINS, Respondent, v. GEO. J. BAER et al., Appellants.

**Kansas City Court of Appeals, June 2, 1902.**

1. **Equity**: PLEADING: MULTIFARIOUSNESS: PETITION: DEMURRER. If a plaintiff bases his claim to equitable relief against several defendants on one general right, his petition is not demurrable for multifariousness, although the defendants have separate and distinct defenses.

2. ———: ———: CLOUD UPON TITLE: TAXBILLS. A city by several distinct ordinances constructed several sewers and issued taxbills to several contractors therefor against plaintiffs' realty. The action was had under an unconstitutional statute. During different parts of the time two constitutional laws authorizing the building of sewers and issuing taxbills were in force. *Held*, that said taxbills constituted a cloud upon plaintiff's real estate and he could maintain a bill in equity against the several owners of said taxbills to remove the cloud and cancel the bills.

3. ———: ———: ———: DIFFERENT STATUTES. Whether the taxbills were issued under the constitutional or unconstitutional law, was a question of fact if traversed; but the allegation of the petition, that they were issued under the unconstitutional act, was admitted by demurrer.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*Chas. B. Adams* and *Wash Adams* for appellant.

(1) The petition is multifarious and the court erred in overruling the demurrer thereto. Mayberry v. McClurg, 51 Mo. 256; Clark v. Ins. Co., 52 Mo. 272; Gaines v. Chew, 2 How. (U. S.) 619; Harrison v. Hogg, 2 Ves. Jr. 323; Pope v. Leonard, 115 Mass. 286; Mullen

v. Hewitt, 103 Mo. 639; May v. Hazlett, 6 Phila. 155; Emaus v. Emaus, 13 N. J. Eq. (2 Beasl.) 205. (2) The mere fact that all the taxbills described in the petition were issued under the special sewer law of 1893, does not purge the petition of the vice of multifariousness. That law has been declared unconstitutional and void by the Supreme Court of Missouri. Owen v. Baer, 154 Mo. 434. (3) If the validity of the taxbills depended upon that law alone, their invalidity would be apparent upon the face of the proceedings out of which they arose, and they would constitute no cloud upon plaintiff's title, and equitable relief would not be granted. Cooley on Taxation, 779; Clark v. Ins. Co., 52 Mo. 272; 6 Am. and Eng. Enc. Law (2 Ed.), 153; Holland v. Johnson, 80 Mo. 34; Townsend v. New York, 77 N. Y. 542; Verdin v. St. Louis, 131 Mo. l. c. 109; Railroad v. Nortoni, 154 Mo. 142; Detroit v. Martin, 34 Mich. 170; Choteau v. Allen, 70 Mo. 290. (4) A court of equity will not interfere to prevent a multiplicity of suits in the absence of a complete community of interest among the defendants on the question of law and fact to be decided. Michael v. St. Louis, 112 Mo. 615; Bouton v. City of Brooklyn, 15 Barb. 375; 1 Pom. Eq. Juris. (2 Ed.), secs. 260, 268. Courts of equity will not allow a multifarious bill as a remedy for a multiplicity of suits. Haines v. Carpenter, 1 Woods 262.

*Scarritt, Griffith & Jones* for respondent.

(1) The petition is not multifarious, and for this reason the appellants' demurrer was properly overruled. 14 Enc. of Plead. and Prac., 198; Martin v. Martin, 13 Mo. 37; Tucker v. Tucker, 29 Mo. 350; Donovan v. Dunning, 69 Mo. 436; Bobb v. Bobb, 76 Mo. 419; Rinehart v. Long, 95 Mo. 396; Ulman v. Iaeger, 67 Fed. Rep. 980. (2) A court of equity will interfere to prevent a multiplicity of suits. Biddle v. Ramsey, 52 Mo. 153; Parks v. Bank, 31 Mo. App. 12; Ulman v. Iaeger,

67 Fed. Rep. 980. (3) The trial court is possessed of great discretion with regard to the sufficiency of pleadings and the appellate court will not interfere unless it it manifest that such discretion has been abused. Shields v. Thomas, 18 How. (U. S.) 253; Gains v. Chew, 2 How. (U. S.) 620; Singer Manf'g Co. v. Springfield Foundry Co., 34 Fed. Rep. 393; Oliver and Williams v. Pratt (3 How.) U. S. 411. (4) Where the invalidity of the taxbills does not appear upon their face and must be established by proof *aliunde,* a court of equity will take jurisdiction.

BROADDUS, J.—This action is to remove a cloud cast upon plaintiff's title to certain real estate, situate in the city of Westport, Missouri, consisting of three separate tracts or parcels. It is alleged as to the defendants, Cotter, McDonnell & Co., that an ordinance of said city (No. 1291) approved February 27, 1895, provided for the building of sewers in sewer districts Nos. 1, 2, 3, 4, 9, 10, 11, 12 and 13, and that in pursuance of said ordinance the said city afterwards, on March 25, 1895, entered into a contract with said Cotter, McDonnell & Co. for the construction of said sewers; and that thereafter the said city in pursuance of said contract issued to the said company certain taxbills dated October 14, 1895, against plaintiff's real estate. Certain other taxbills against plaintiff's realty were also issued to said company under contracts made with the city under separate ordinances providing for the building of sewers in said sewer district. The defendants George J. Baer and the Robert J. Boyd Paving and Contracting Company had similar contracts, under different ordinances, for building sewers in said sewer district, under which separate taxbills were issued against plaintiff's said real estate. The defendant George W. Youmans was a purchaser of some of the taxbills issued to said Baer. The petition, after

setting out said taxbills and the different ordinances under which they were issued in detail, is as follows:

"Plaintiff states that defendants are now the owners and holders of said taxbills and that said taxbills on their face purport to be a lien and demand on said lots and parcels of land paramount to plaintiff's ownership therein and title thereto, and defendants and each of them claim that said taxbills constitute such a lien, and threaten to foreclose the same, and thus cloud plaintiff's title thereto; but plaintiff alleges that said city of Westport had no power or authority under the law to pass said ordinance, or to make or let the said contract, or issue said taxbills, and that by reason thereof they are utterly invalid and void. Plaintiff further alleges that said taxbills, in law and in equity, do not constitute a lien or demand on or against said lots, and the said taxbills are a cloud on the plaintiff's title, for the reason that they are invalid, but their invalidity does not appear upon their face.

"Plaintiff further states that the said taxbills were issued by the said city of Westport under and in pursuance of an act of the General Assembly of Missouri, passed and approved in 1893, entitled 'An act concerning sewers and drains for cities in the State having special charters which now or hereafter contain more than two thousand and less than thirty thousand inhabitants, and for cities of the third and fourth classes,' approved March 18, 1893, and that said act was and is unconstitutional, null and void. Plaintiff charges that said taxbills were not issued under the act of the General Assembly approved April —, 1895, entitled 'An act to repeal article five of chapter thirty of the Revised Statutes of Missouri of 1889, and certain amendments thereto, said article five being entitled "Cities of the Fourth Class," and to enact in lieu thereof a new article providing for the government of cities of the fourth class,' approved April 11, 1895, pertaining to cities of the fourth class. Plaintiff further states

that the defendants have commenced and are threatening to bring suit on said taxbills to enforce the alleged lien thereof against plaintiff's property; and that by reason of the premises plaintiff has no adequate or complete remedy at law.

"Wherefore plaintiff prays the court to adjudge and decree that said taxbills are invalid and constitute no lien or demand on said land, and in so far as they cloud or obscure plaintiff's title, that such cloud be removed, and that the defendants and each of them be ordered to surrender said taxbills into court and that they be cancelled on the proper records, and that the said defendants, each and all of them, be enjoined from further prosecuting or commencing any suit or suits on said taxbills, and that the court enter herein all other and further orders, judgments and decrees as to the court may seem proper."

The defendants (except defendant Lesam, who was dismissed by plaintiff) interposed each a separate demurrer in the following language, viz.: "1. Said petition fails to state facts sufficient to constitute a cause of action against defendant. 2. Said petition is multifarious in this, that it unites in one bill several distinct and independent matters arising out of different transactions and in no way connected, against several defendants. 3. There is a misjoinder of parties defendant in this, that some of the defendants have an interest in some of the matters charged, and no interest in or connection with other matters charged in the bill, several distinct and independent matters or causes of action, arising out of different transactions, being joined in the bill against several defendants having no common point of interest therein."

The demurrer, upon hearing, was overruled, and as the defendants stood upon their demurrers, judgment was rendered against them in accordance with the prayer of the petition, from which they have appealed. The only question presented for our consider-

ation is one of pleading. It is, however, seemingly one of much difficulty.

The defendants contend that the plaintiff's bill is multifarious and presents no ground for the equitable relief prayed for. It will be seen that the plaintiff, seeks relief against the various taxbills issued under separate ordinances and separate contracts with different contractors, on the ground that they are invalid by reason of the fact that said ordinances and contracts were authorized by an act of the Legislature of the State of Missouri, approved March 18, 1893, which was unconstitutional, null and void, and that such taxbills are a cloud upon plaintiff's title, for the reason that they are invalid, but their invalidity does not appear upon their face. The question involved here has been ably argued by the respective counsel of the parties to the suit, and many authorities have been cited in support of the different theories presented.

The courts have undertaken to define the word "multifarious" as applied to pleadings, and different courts in so doing have adopted different modes of expression. In Clark v. Ins. Co., 52 Mo. 272, Judge WAGNER, in delivering the opinion of the court, adopted the definition found in Bouvier's Law Dictionary, viz.: "A bill is said to be multifarious, when distinct and independent matters are improperly joined whereby they are confounded, as, the writing in one bill of several matters perfectly distinct and unconnected, against one defendant, or the demand of several matters, of a distinct and independent nature, against several defendants in the same bill."

"Multifariousness as to matter consists in uniting in the same bill distinct and disconnected subjects, matters or causes. Multifariousness as to parties consists in joining in the same suit, either as complainants or defendants, parties who are without a common interest in the subject of the litigation and have no connection with each other," and it is said that a defendant can

not successfully complain of multifariousness unless he can show "he is brought in as a defendant upon a record, with a large portion of which he has no connection whatever. But a bill is not so multifarious where complainants have a common interest as to the point at issue, though their claims are in a sense distinct." 14 Ency. Plead. and Prac., 199, 200, 201.

It is contended in this case that the bill contains distinct and disconnected subjects, while it is claimed for the bill that notwithstanding the ordinances and contracts under which the taxbills were issued were separate and distinct, and that the contracting parties were different in each instance, yet as said ordinances were passed, and said contracts entered into, and said taxbills issued by authority of a certain statute since declared unconstitutional, all the defendants have a common interest in the question at issue, as they claim under a common source of title, that is, said statute. A similar question arose in Ulman v. Iaeger, 67 Fed. Rep. 980, wherein the bill alleged: "Certain proceedings were instituted by the commissioner of school lands in McDowell county (West Virginia), to forfeit the land for the non-payment of taxes, which finally resulted in the sale of over 7,000 acres of the same to sundry third parties, which sales were confirmed by the court, and deeds were made by the commissioner to the various purchasers in pursuance of the order of the court confirming the sale. The primary object of the bill" was "to annul and vacate the deeds made by the commissioner, and thereby to remove the cloud upon the title of the owners of the land sold. The further object of the bill" was for "a partition of the land between the tenants in common." In delivering the opinion of the court Judge JACKSON said: "The purpose and object of this suit in impleading so many in one action is to prevent oppressive and vexatious litigation, which is not only unnecessary, but it is often unavailing, as it might prove to be in this case. Upon the demurrers

the rights of all the parties to the tax sale would depend upon the same questions of law.'' In Rinehart v. Long, 95 Mo. 396, the same rule was adopted, the court holding: ''A petition in equity will not be multifarious where the plaintiff bases his claim for relief on one general right. Hence, where a debtor conveys land in fraud of creditors, and the title has passed by different deeds to different persons, they may be joined as defendants in an action to set aside the deeds, as they all have a common interest in respect of the fraud.'' In Donovan v. Dunning, 69 Mo. 436, it was held: ''When the plaintiff bases his claim to equitable relief against several defendants on one general right, the petition is not demurrable for multifariousness, although the defendants may have separate and distinct defenses.

From the authorities cited, it is clear that the Supreme Court of this State has adopted the rule that where a bill in equity shows a single object and seeks to enforce one general right against all the defendants, it is not subject to the charge of multifariousness. And this is especially so when all the defendants have no conflicting claims among themselves, and where the one defense is common to all. And we do not think this rule is in conflict with that adopted in Clark v. Ins. Co., supra. The latter is lacking somewhat in comprehensiveness and prevailed in the early period of the growth of equity jurisprudence. We believe that, under the rule governing in this State, the bill in question is not obnoxious to the charge of multifariousness.

The next contention of the defendants is that the alleged cloud upon plaintiff's title is not of such a character as to invoke the equity powers of the court, as the taxbills in question on their face show their invalidity. In Bank v. Evans, 51 Mo. 335, the question arose on an invalid deed. The court held: ''If a defect in a deed is such as to require legal acumen to discover it, whether it appears on the face of the deed or pro-

ceedings, or is to be proven *aliunde,* courts of equity entertain jurisdiction to remove the cloud.'' In Verdin v. St. Louis, 131 Mo. 26, an effort was made to overturn this rule, but the majority of the court in banc agreed with Judge BURGESS who maintained its soundness. In Railway v. Nortoni, 154 Mo. 142, it was held: ''Where a deed is clearly a fraud on its face, an equity court will not lend its aid to set it aside merely because the petition alleges it to be a fraud on plaintiff's title. And where it is apparent from the records in the recorder's office that the grantor in a deed had no title, the deed is void on its face.'' The court further approved of the rule as given in Clark v. Ins. Co., ante, where it was held that, ''when a person who claims title to land can only do so through the record, and a defect appears upon the face of such record, there is no cloud on the title, such as will call for the exercise of the equitable powers of the court.'' The court further quoted with approval the following from the American and English Ency. of Law: ''The rule applicable to this class of cases is that equity will interpose only where the pretended title which it is alleged constitutes a cloud, or the proceeding which it is apprehended will create one, is apparently valid on its face, and the party in possession will be compelled to resort to extrinsic evidence to show the invalidity of the pretended title and to defend his own. If the instrument or proceeding is on its face plainly illegal and void, there is no cloud, and no occasion for equitable interference.''

Are the proceedings in question before us on their face plainly illegal and void? They show the passage of the various ordinances, the letting of the contracts for the sewers and the issuing of the taxbills thereunder. That is all they do show. There is no dispute but what the city had the right to construct sewers under the general statutes regulating the construction of sewers, as found in the Revised Statutes of 1889, or under the subsequent Act of 1895, some of the ordinances in

question having been passed while said statute of 1889 was in force and some after the enactment of 1895. It therefore became a question of fact whether said city was acting under the statutes of 1889 of the Act of 1893 or the Act of 1895. To prove such fact, had it been denied, the plaintiff would have been compelled to have shown *aliunde* that the city of Westport had adopted the provision of the Act of 1893 by a majority of two-thirds of its qualified voters, and that the proceedings were had under the same.

It appears to us that the invalidity of the proceedings did not appear upon their face, and that they were such a cloud upon the plaintiff's title as justified the interposition of a court of equity for the relief asked. And independent of this, if the rule in Verden v. St. Louis, and Bank v. Evans, ante, is to be adhered to, the equity powers of the court were justly exercised, because the defects in the proceedings were such as to require "legal acumen to discover it."

The defendants further contend that the validity of the taxbills under the general statutes of 1889 and the Act of 1895, governing cities of the fourth class, which superseded the said statute of 1889, is involved in this case. The petition, however, alleges that the taxbills were issued under the Act of 1893, and whether they were or not was a question of fact to be ascertained by the court if put in issue, as we have already shown. The defendants by their demurrer admit that the proceedings in question were all had under the Act of 1893, and the judgment of the court appealed from is to that effect.

The cause is affirmed. All concur.