HEINRICH et al., Respondents, v. MISSOURI AND ILLINOIS COAL COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals, November 3, 1903.

1. **Practice: SUBSCRIPTION PAPER NOT TO BE FILED.** A subscription paper, signed by several persons, is not such an instrument as is required to be filed with the justice of the peace under section 3852, Revised Statutes 1899, or with the pleadings under section 643, Revised Statutes 1899, in a suit against one of the subscribers.

2. **Subscription Paper: LIABILITY ON.** Where the subscription paper shows on its face that each subscriber agreed to pay a certain sum per month for certain services to be rendered by plaintiff, and the plaintiff acted upon said agreement and expended money in carrying out its provisions, plaintiff may enforce the terms of such subscription paper against any or all the subscribers thereto.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*L. P. Crigler* for appellant.

(1) Plaintiff's right to sue must be set out in the petition by proper averments. And a petition without this is fatally defective. State to use v. Matson, 38 Mo. 49; Wolff v. Ward, 104 Mo. 157. (2) The body of the petition must show the capacity in which plaintiff sues. It must show not only his capacity and right to sue, but his right to hold defendant in the character to be sued by him. Edwards v. Bartell, 68 Mo. 581. (3) The proper authority and capacity to sue must be alleged in the body of the petition. State to use v. Patton, 42 Mo. 530; Fuggle v. Hobbs, 42 Mo. 537.

*Henry A. Hamilton* for respondent.

(1) Promises made by way of voluntary subscription are valid if the promisee has expended money or incurred other liability relying on the subscription and before it is withdrawn. Orphans Home v. Sharp, 6 Mo. App. 150; Swain v. Hill, 30 Mo. App. 436; Davis v. Johnson, 49 Mo. App. 240; Koch v. Lay, 38 Mo. 147; Westminster College v. Gamble, 42 Mo. 411; Pitt v. Gentle, 49 Mo. 74. (2) It is not necessary to file the original subscription paper with the petition. Workman v. Campbell, 46 Mo. 305; Hannibal Plank Road Co. v. Robinson, 27 Mo. 396. (3) If it were required to file the original subscription paper with the petition, the defect was cured by filing it in the circuit court. St. Louis Trust Co. v. American R. E. & Inv. Co., 82 Mo. App. 260; Rechnitzer v. St. Louis Candy Co., 82 Mo. App. 311.

STATEMENT.

On February 25, 1901, the following agreement in writing was entered into:

"St. Louis, Feb. 25, 1901.

"The undersigned hereby agree to pay John P. Heinrich, treasurer, monthly, from March 1, 1901, the amounts set after our respective names. This money to be paid out by him in defraying the cost and incidental expenses to investigating, detecting and prosecuting cases of fraud perpetrated by any party or parties in connection with the coal trade. We or any one of us reserve the right to cancel the above as far as any one of us is concerned by giving said Heinrich thirty days' notice in writing of our desire to do so.

"Maguire Coal Company ............$10.00
Gartside Coal Company .............. 10.00
Missouri & Illinois Coal Company .... 10.00
Lumaghi Coal Company ............. 10.00
Sylvester Coal Company, per C. J. M.  10.00
The Citizens Coal Mining Company... 10.00"

Defendant paid its subscription of $10 to Heinrich for the months of March and April, 1901, but failed and refused to pay thereafter, and on July 20, 1901, gave Heinrich written notice that it cancelled its subscription.

The suit was begun before a justice of the peace to recover the subscription of defendant due for the months of May, June, July, and August. Plaintiff filed a petition in the justice's court setting out his cause of action in full, but did not file the subscription paper. On trial before the justice plaintiff recovered judgment from which defendant appealed to the circuit court. On a trial *de novo* in the latter court to the judge sitting as a jury, plaintiff again recovered judgment from which the defendant duly appealed to this court.

BLAND, P. J. (after stating the facts as above.) — Defendant objected to the introduction of any evidence by plaintiff on the following grounds: First, "because the subscription paper was not filed in the justice of the peace court and for this reason the justice acquired no jurisdiction of the subject-matter of the suit," and, second, "because the subscription paper was not filed in the circuit court and the plaintiff had no right to introduce any evidence without first filing the paper." A subscription paper of the character of this one is not comprehended within section 3852, Revised Statutes 1899, which provides that in suits commenced before a justice of the peace, the instrument sued on shall be filed with the justice before any process shall be issued. Hannibal, Ralls County and Paris Plank Road Co. v. Robinson, 27 Mo. 396; Workman v. Campbell, 46 Mo. 305. Nor is it comprehended within section 643, of the Code of Civil Procedure, providing that any petition or other pleading, when founded upon an instrument of writing charged to have been executed by the other party, the instrument must be filed with the pleading. Authorities, supra.

It is also contended by defendant that the petition failed to show that plaintiff has any legal capacity to sue.   The subscription paper shows on its face that it contemplated that each subscriber (all of whom were evidently interested in the coal trade) was desirous of protecting that trade against frauds and for this purpose agreed that each would pay a certain sum per month to plaintiff, plaintiff being left free to employ whatever means he deemed necessary to protect the trade.

Plaintiff testified that for the purpose of protecting the coal trade, he employed and paid both detectives and attorneys, and had a detective in his employ at three dollars per day at the time of the trial. · Now while the agreement was a voluntary one, yet when it was acted upon by plaintiff, one of the parties thereto, and money was expended by him in carrying out its provisions, he certainly is entitled to enforce its terms against the other parties or any one of them for the purpose of reimbursing himself for all moneys which he has paid out or has contracted to pay out in the performance of his part of the agreement.    Orphans' Home Assn. v. Sharp's Exr., 6 Mo. App. 150.

The judgment is affirmed.  *Reyburn* and *Goode, JJ.,* concur.