KANSAS CITY MASONIC TEMPLE COMPANY, et al., Respondents, v. ALFRED E. YOUNG, et. al., Appellants.

Kansas City Court of Appeals, May 4, 1914.

1. **INJUNCTIONS: Pleading: Sufficiency of Petition to Support Judgment.** A petition brought by different parties having a common interest in having a publication prevented by injunction and stating facts showing that property rights of one of the parties and personal rights of the others and of all of them will be infringed upon, and the public will be defrauded if the publication be not stopped, sufficiently states a cause of action to support a judgment in the absence of a specific and timely attack made thereon. All of the plaintiffs had a common right to have the publication stopped. By one and the same wrongful act the same injury comes to all.

2. ———: ———: **Improper Joinder of Parties: Multifariousness: Waiver.** Even if a petition is multifarious and contains parties improperly joined, yet, if defendant answers and goes to trial the defects of the petition are waived.

3. ———: ———: **Appeal Without Motions for New Trial or in Arrest.** Where no motion for new trial or in arrest is filed, the appellate court can only examine the record proper. And in such case the court cannot disturb the judgment except for fatal error apparent on the face of the record such as that the court had no jurisdiction of the subject-matter or of the parties.

or that the petition wholly fails to state a cause of action. Mere defects or irregularies not going to the very life of the judgment will not, in such case, be passed upon.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

AFFIRMED.

*A. S. Marley* for appellants.

*Jamison, Hutchinson & Ostergard* for respondents.

TRIMBLE, J.—This is an appeal from a decree making permanent a temporary injunction theretofore granted. No motion for new trial nor in arrest of judgment was filed. The appeal was taken without them. In such case, while the appeal can be thus taken, there is nothing before us but the record proper. [Newton v. St. Louis and San Francisco Railroad Co., 168 Mo. App. 199; R. S. Mo. 1909, Secs. 2040, 2041 and 2083.] The office of a motion in arrest is to call the court's attention to error patent of record; and such error must be intrinsic to, and not *dehors,* the record; and the error must be one of substance and not of form. The most to be said of a motion in arrest is that if one be not filed and passed upon by the trial court, an appellate court will not consider matter of error to which the trial court's attention could only be called by a motion in arrest. [Stid v. Railroad, 211 Mo. 411, l. c. 415.] However, as section 2083, Revised Statutes 1909 requires us to examine the record, we must do so, but unless the petition is wholly insufficient to support any judgment of the nature rendered, or unless the judgment is outside of or not based upon the issues raised by the pleadings, we are not authorized to disturb it, however irregular it may be, in view of the fact that the attention of the trial court was in no way called to such irregularities or errors of form, and no oppor-

tunity was given said court to correct them. For fatal error apparent on the face of the record, such as that the court has no jurisdiction of the cause or parties, or that the petition fails to state a cause of action, the court will reverse, but not for mere defects and irregularities. [McIntyre v. McIntyre, 80 Mo. 470, l. c. 473.] The Supreme Court has refused to reverse for errors of misjoinder of parties and causes of action. [Ames v. Gilmore, 59 Mo. 537.] Proceeding then to the question of whether the record discloses errors fatal to the judgment, we find none. The court clearly had jurisdiction of the subject-matter and of the parties. Consequently, unless the petition wholly failed to state any cause of action or unless the judgment is entirely outside of, and not based upon, nor authorized by, the pleadings, the decree must stand.

The amended petition on which the case was tried alleged that the Kansas City Masonic Temple Company was erecting a building of $150,000 in value, wherein the various Masonic Lodges in Kansas City, and the members thereof, might hold meetings; that the personal plaintiffs are members of such lodges and as such are interested in the Kansas City Masonic Temple Company; that when said structure is completed it is to be dedicated at some date in the near future not yet known; that defendants as managers and owners of the Masonic World Publishing Company are about to issue a publication immediately prior to and at the time of the dedication of said temple and thereafter, purporting to be an official publication authorized by said Temple Company and to be sold and distributed as a souvenir of the occasion of such dedication, containing a picture of said Temple with a description thereof and portraits and biographical sketches of the officials and other leading Masons throughout the State; that defendants were soliciting subscriptions to said publication from various members of the Masonic orders and representing to them that defendants were author-

ized by the Temple Company to do so; and that defendants had agreed to contribute one-half of the proceeds to the furnishing of said Temple, all of which was untrue. That said Temple Company not only had not given defendants such authority but had refused to give it; that said defendants' propose to put in said publication sundry advertisements, all without the authority, supervision, or control of plaintiffs or any of them, to the injury of plaintiffs and their business and property rights particularly of the said Temple Company; that other members and persons were being induced to subscribe and pay money to defendants by representations that the Temple would get one-half of their subscriptions; that not only are plaintiffs' property rights being infringed upon but the issue and publishing of such publication with the pictures and biographies proposed to be published in connection with the promiscuous advertising, would tend to injure and bring into contempt and ridicule plaintiffs and each of them; that they were without adequate remedy at law and would suffer irreparable injury if said publication be permitted to issue. Wherefore an injunction was prayed to stop the solicitation of subscriptions and the representations that the publication was by the consent or under arrangement with the building committee of the Temple Company and the representations that said Temple Company would get one half of such subscriptions, etc.

The answer was a general denial, a plea that plaintiffs' petition stated no equity and that they had an adequate remedy at law.

The objections going to the petition, when boiled down to their last analysis, are that the Temple Company and the personal plaintiffs are improperly joined, and that the petition is multifarious. If this be true, nevertheless, defendant having answered and gone to trial, waived the same. [R. S. Mo. 1909, Sec. 1804; Jordin v. Transit Co., 202 Mo. 418.]

But we do not think the petition is multifarious or that it wholly fails to state a cause of action or that the judgment is outside of the issues raised by the pleadings. The plaintiffs all had a common interest in having the publication suppressed and the untruthful representations stopped. The bill was not therefore multifarious. [14 Ency. of Pl. and Pr. 200-201.] It is only when the interests of plaintiffs are conflicting that their joinder is objectionable; and where one general right is claimed and there is one common interest among all the plaintiffs their joinder is proper. [10 Ency. of Pl. & Pr., 906.] Even though the manner in which the various plaintiffs' right arise may be in a sense distinct, yet, if they have a common interest as to the point at issue the bill is not multifarious. [Perkins v. Baer, 95 Mo. App. 70. See also Rinehart v. Long, 95 Mo. 396; Westinghouse Air Co. v. K. C. Ry. Co., 137 Fed. 26.]

An analysis of plaintiffs' petition clearly shows that they all are seeking the same object, the suppression of the publication and the stopping of the unauthorized solicitation of subscriptions on the strength of the representation that it was authorized by, and would benefit, the temple in which all of the plaintiffs were interested. The personal plaintiffs' right to have the publication stopped may be in a sense distinct, that is, have a different source, from the right of the Temple Company to have it stopped, but it is not necessary that their rights should all spring from the same source. It depends upon their unity and community of right to have it stopped. By one and the same wrongful act act the injury comes to all.

The petition stated a cause of action. All of the plaintiffs had a right to protect themselves from entanglements that would subject them to criticism or bring them into disrepute. They had the common right to prevent their names and pictures from being used as a means to induce persons to subscribe money

to defendants' schemes.  Not only would the Temple
Company and the other plaintiffs be blameworthy if
they allowed defendants to secure subscriptions under
such false representations, but the ability of the Temple
Company and the members of the Masonic orders
(which are social and benevolent in their nature) to
raise money for the prosecution of their benevolences
would be seriously impaired.  In addition to this, the
representation that the Temple Company had author-
ized and would profit by it was a fraud on the public
and the proposed publication could be enjoined on that
ground.  [22 Cyc. 844; Gaines & Co. v. Fruit & Wine
Co., 107 Mo. App. 507; Goodyear v. Goodyear, 128 U.
S. 598; Grocers Journal Co. v. Midland Publishing Co.,
127 Mo. App. 356; Cemetery Assn. v Cemetery Assn.,
246 Ill. 416; Avenarius v. Kernley, 139 Wis. 1. c. 267.]

If the petition stated a cause of action at all, how-
ever defectively it is sufficient to sustain the judgment.
We think that the petition showed that the plaintiffs
not only had a common interest and right to be con-
served and protected but that it grew out of one and the
same act which all sought to prevent.  The judgment
is affirmed.   All concur.